The Travelers Indemnity Company, Appellant, v. Harry Burg, George Wlody, Fannie Belle Young, an Infant, by Irving Young, Her Guardian ad Litem, Floyd A. Young, as Administrator, etc., of Dorothy Young, Deceased, Irving Young and Alexander Schoor, Respondents.

Third Department, December 29, 1937.

*Rosendale & Dugan* [*P. C. Dugan* of counsel], for the appellant.

*Paul Fromer* [*Lester Robert Smith* of counsel], for the respondents Floyd A. Young, as administrator, etc., of Dorothy Young, deceased, Fannie Belle Young, an infant, and Irving Young.

*Norman H. Theil* [*Lester Robert Smith* of counsel], for the respondent Alexander Schoor.

*N. Joseph Friedman,* for the respondent Harry Burg.

CRAPSER, J. The plaintiff issued to Harry Burg, of Hunter, Greene county, N. Y., the proprietor of a steam laundry, its automobile policy covering a three-quarter-ton truck to be used as a commercial vehicle in his business and covering against bodily injury and property damage liability.

The plaintiff agreed to defend the insured, Harry Burg, in any suits brought for damages under the coverage of the policy even though such suits were groundless, false and fraudulent.

On the evening of August 28, 1937, Fannie Belle Young, Dorothy Young and Alexander Schoor were riding in said automobile truck belonging to Harry Burg, which at the time was being operated by one George Wlody, upon a State highway, when the same became involved in an accident resulting in injuries to the said Fannie Belle Young, Dorothy Young and Alexander Schoor.

Thereafter negligence actions were brought by the administrator of Dorothy Young, who died as the result of the injuries she sustained, by the guardian *ad litem* of Fannie Belle Young for such infant, and separately for himself individually for loss of services, etc., and by Alexander Schoor against Harry Burg and George Wlody. The defendants served answers to said actions and the same were noticed for trial.

The plaintiff herein then began an action against the owner of the truck, the driver and the passengers and their representatives for a declaratory judgment to determine whether George Wlody was operating the truck with the knowledge, consent and permission of the owner, Harry Burg, and whether said automobile truck was being operated at the time of the accident for a purpose other than that specified in the policy, and asking that the prosecution of the negligence actions be restrained until the hearing and determination of this action. The defendants made a cross-motion to dismiss the plaintiff's complaint.

In the negligence actions the answer of Harry Burg, the owner of the truck, alleges that the truck was being driven by George Wlody at the time of the accident without his permission, consent or authority.

The plaintiffs in the negligence actions are entitled to have a jury determine whether the truck was being operated in the business of the owner or with his knowledge, permission and consent at the time of the accident. If the plaintiff in this action was permitted the relief asked for they would be denied this right. In case the jury should determine in the negligence actions that the truck was not being operated with the knowledge, permission and consent of the owner, then their verdict would be in favor of the defendant Burg, the owner, and there would be no necessity for a declaratory judgment.

Though the Supreme Court has jurisdiction in a proper case to enjoin the prosecution of a prior action or proceeding, the power may not be arbitrarily exercised. Only in cases where the necessity of equitable interference to prevent a failure of justice is clearly established should such relief be granted. (*Colson* v. *Pelgram*, 259 N. Y. 370, 375, 376.)

The plaintiff in this action shows no special circumstances justifying the granting of the injunction restraining the prosecution of the negligence actions. All of the questions that the plaintiff seeks to have liquidated in this action can be determined in the negligence actions.

The order appealed from denying the plaintiff's motion and granting defendants' cross-motion for a dismissal of the complaint should be affirmed, with costs.

HILL, P. J., RHODES and McNAMEE, JJ., concur; BLISS, J., concurs with a separate opinion, in which HILL, P. J., RHODES and McNAMEE, JJ., concur.

BLISS, J. (concurring). I concur in both Judge CRAPSER's opinion and the decision of affirmance. There are certain reasons

which move me to this conclusion in addition to those set forth by my learned brother.

The use of the declaratory judgment for the predetermination of policy defenses in connection with suits arising out of automobile accidents has been resorted to with increasing frequency by insurance companies in the last few years. (See Automobile Insurance and the Declaratory Judgment, by Appleman, Am. Bar Assn. Jour. vol. XXII, No. 7, July, 1937.) It may readily be conceded that in many instances this type of action will determine in advance the advisability of instituting or continuing the prosecution of negligence actions against the assured and many of the issues arising in those actions. It often results in a speedier and more economical disposition of these types of cases. It is not a new remedy in this regard in our own State. (See *Post* v. *Metropolitan Casualty Insurance Co.*, [1929] 227 App. Div. 156; affd., 254 N. Y. 541.) This remedy should be applied liberally wherever it will result in setting the controversy at rest even more speedily or more economically. " The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. * * * No limitation has been placed or attempted to be placed upon its use, and yet this main purpose underlies the exercise of discretion." (*James* v. *Alderton Dock Yards*, 256 N. Y. 298.) But in the instant case it appears to have been a wise exercise of discretion by the court below to decline to entertain the controversy and to avoid determination of a portion of the rights of these various parties in this kind of action.

A declaratory judgment here will not dispose of the issues in the pending negligence actions and will not result in the avoidance of any litigation. The defense alleged by the insurance company as available in the actions which may ultimately be brought upon its policy is one of coverage. It claims that the automobile truck was not at the time of the accident being used for a purpose specified in the policy. The policy itself restricted the coverage to a commercial use, and defined this use as being " the transportation or delivery of goods, merchandise or other materials and uses incidental thereto, in direct connection with the named insured's business occupation." This question of commercial use is not coextensive with the provisions of section 59 of the Vehicle and Traffic Law, which impose liability upon the owner of the motor vehicle when it is being operated by any person legally using or operating the same " with the permission express or implied, of such owner." It is quite conceivable that the truck was being operated in a non-commercial use, with the permission of the owner. This question

of consent, and not merely that of commercial use, is involved in the negligence actions. Thus a determination of the question of commercial use will benefit only the insurance company, and will not dispose of the issue of permission. Permission is an issue in the negligence actions, and once disposed of there, will not arise in a subsequent action on the policy.

Also, it does not appear that either the owner or operator of the motor vehicle is insolvent and that the judgments which may be obtained against them in the negligence actions cannot be enforced against them aside from the insurance which they carried. The negligence actions will still have to be tried, and they should not be hampered or circumscribed by a predetermination of the commercial use issue. Controversies should not be tried piecemeal or so as to interfere with actions already pending. (*Ætna Casualty & Surety Co.* v. *Quarles*, 92 F. [2d] 321.) Then, too, it may never be necessary for the insurance company to defend an action brought upon its policy for the plaintiffs may be unsuccessful in their negligence actions.

Under these circumstances, where the declaratory judgment will not settle all the issues or finally dispose of the controversies and may only result in beclouding them, resort to this remedy should not be permitted. (*Wolverine Mutual Motor Ins. Co.* v. *Clark*, 277 Mich. 633; 270 N. W. 167.) Certainly the trial of the negligence actions should not be stayed while a declaratory judgment action is being tried. These plaintiffs in these negligence actions are entitled under our Constitution to jury trials, and they should not be circumscribed in this right when no benefit or advantage will ensue.

A like conclusion was reached by the United States Circuit Court of Appeals, Fourth Circuit, in *Ætna Casualty & Surety Co.* v. *Quarles* (*supra*), under a set of facts quite similar to the one now before us.

The Special Term properly denied the motion to restrain the trial of the negligence actions and dismissed the complaint in the action for a declaratory judgment.

HILL, P. J., RHODES and MCNAMEE, JJ., concur.

Order affirmed, with costs.