Elbert T. Gallagher, J.
The plaintiff herein issued to Harry S. Moore, Jr., a policy of insurance with respect to the automobile owned by him which provided, among other things that the said insured was given liability coverage under the said policy to any person using the said automobile with permission of the named insured. This policy was issued on May 24, 1957.
On September 2, 1957 the said automobile came into collision with another automobile. As a result of the said collision certain claims for damages are being made by the passengers of the said automobiles. At the time of the collision the Moore car was being driven by one Karen S. Mayfield.
The plaintiff now seeks a declaratory judgment to determine the question as to whether or not at the time of the said collision, the said automobile so insured by this plaintiff was being driven without the permission of the named insured Harry S. Moore, Jr.
*382 Motions are now made by the above-named defendants (who are plaintiffs in negligence suits now pending) to dismiss the complaint herein pursuant to rule 106 of the Buies of Civil Practice more particularly that the complaint does not state facts sufficient to constitute a cause of action, and too that pursuant to rule 107 of the Buies of Civil Practice there are other actions pending between the same parties or their privies arising out of the same occurrence.
Before granting a declaratory judgment the court must be convinced that it will serve some practical purpose by disposing of real controversies and stabilizing disputed legal questions. (Shapiro v. Nulife Garments Co., 270 App. Div. 121.) The court will not render an advisory opinion and pass upon an abstract question. (Swift & Co. v. James Stewart & Co., 261 App. Div. 930.)
" To warrant a declaratory judgment there must be a genuine present controversy with the subject matter and parties in interest in court, together with a situation where adequate relief is not presently available through any other existing forms of action.” (Guardian Life Ins. Co. of America v. Graves, 268 App. Div. 809, 810, affd. 294 N. Y. 953.)
The plaintiffs in the negligence actions are entitled to have a jury determine the question as to whether or not the Moore automobile was being driven with his knowledge, permission and consent at the time of the accident. If the plaintiff in this action were permitted the relief asked for they would be denied this right. In case the jury should determine in these negligence actions that the said Moore automobile was not being operated with the knowledge, permission and consent of the said owner, then their verdict would be in favor of the defendant Moore, the owner, and there would be no necessity for a declaratory judgment. (Travelers Ind. Co. v. Burg, 253 App. Div. 43.)
Complaint dismissed.
Settle order on two days’ notice.