NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, *v.* JAMES P. DENNIS et al., Respondents.

Third Department, August 1, 1961.

*Chernin & Gold (Donald C. Carmien* of counsel), for appellant.

*Vavra & Dowling (Fred J. Vavra* of counsel), for respondent.

REYNOLDS, J. A pedestrian was killed by an automobile owned by Fontana, appellant's insured, and driven by one Dennis. A wrongful death action was commenced against both the owner and driver and the carrier appeared on behalf of the owner only. The carrier refused to defend the driver, Dennis, on the ground that he was not driving the automobile with the permission of the insured owner within the terms of coverage of the policy and sought a declaratory judgment absolving it from any obligation to defend the driver. Its duty to defend the insured owner in the wrongful death action would of course remain. Special Term, on the authority of *Travelers Ind. Co.* v. *Burg* (253 App. Div. 43) dismissed appellant's declaratory judgment action on the ground that there was a wrongful death action pending between the same parties in which the question of whether the automobile was operated by Dennis with the permission of the owner would be presented to and answered by the jury and that

the declaratory judgment action in this instance would not dispose of the issues in the pending negligence action or avoid litigation. We agree. (Cf. *Merchants Mut. Cas. Co.* v. *Mayfield,* 13 Misc 2d 381; *Utica Mut. Ins. Co.* v. *Beers Chevrolet Co.,* 250 App. Div. 348.)

In some cases the court will permit the declaratory judgment. A declaratory judgment will be granted establishing that the insurer is not obligated to the insured under an automobile liability insurance policy where the insured has breached the co-operation clause and the insurer has not waived the breach (*United States Fid. & Guar. Co.* v. *Von Bargen,* 7 A D 2d 872, affd. without opinion 7 N Y 2d 932; *Lumbermens Mut. Cas. Co.* v. *Goldwasser,* 7 A D 2d 849; *National Grange Mut. Liab. Co.* v. *Fino,* 13 A D 2d 10; *Nationwide Mut. Ins. Co.* v. *Cypher,* 13 A D 2d 888).

An action for a declaratory judgment will lie to determine that an insured as defendant in a wrongful death action was not required by the co-operation clause of the policy to bring a cross suit against a third party (*American Sur. Co. of N. Y.* v. *Diamond,* 1 N Y 2d 594).

In *Connecticut Fire Ins. Co.* v. *Williams* (9 A D 2d 461) this court held that a declaratory judgment was the proper remedy to determine the right of the carrier to decline the defense of insured because of a claimed cancellation of the policy by the carrier.

The rationale for the dichotomy above is that the policy in this State has been to deny the declaratory judgment where the matter in dispute can be determined in the basic negligence action but to permit the action when the dispute is such that it depends on matters outside of the negligence action or will not arise in the negligence action as a part of the lawsuit. In our view the instant case falls into the former group. We do not find *Hinchley* v. *Sellers* (7 N Y 2d 287) dispositive of the issues herein.

The order should be affirmed, with $10 costs to respondent.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order affirmed, with $10 costs to respondent.