Lester Holtzman, J.
Motion by defendant De Louise to dismiss the complaint upon the ground that (1) it fails to state facts sufficient to constitute a cause of action, (2) there is another action pending between the same parties for the same cause and (3) this is not a proper case for a declaratory judgment.
Plainly, there is no other action pending between the same parties for the same cause. In the first place, plaintiff in this action is not a party to the other action. In the second place, the other action is one by this defendant De Louise against Bilella, Perfetto and Hempstead Lincoln-Mercury Motors Corp. to recover damages for personal injuries and property damage, while this action is one against De Louise, Bilella and Perfetto for a judgment declaring, in crucial part, that defendant Perfetto was not the owner of the vehicle which was being driven by Bilella at the time it collided with that owned and being driven by De Louise. Branch (2) of the motion is accordingly denied.
As for the remaining branches of the motion, plaintiff relies heavily upon the case of Phoenix Ins. Co. v. Guthiel (2 N Y 2d 584) while the moving defendant cites Utica Mut. Ins. Co. v. Beers Chevrolet Co. (250 App. Div. 348) as controlling. Briefly, the Phoenix Insurance Co. case held that while one who parts with title to a vehicle but permits his registration plates to remain thereon is estopped to deny his ownership in an action in tort brought against him as owner by an injured party, the estoppel cannot carry over and estop the insurer from denying such ownership. “The ownership described in the policy ”, *740 stated the Court of Appeals (p. 589), “ is synonomous with the actual title not judicially or legislatively imposed ownership depending upon proof of improper usage of license plates.” The Utica Mut. Ins. Co. case stands for the proposition that an action by an insurer for a judgment declaring that title to a vehicle had passed from its insured to another before the accident and that the insurer thus owed no duty to defend its insured in the pending negligence action would not lie since the issue of ¡ ownership could be tried in that action.
Plaintiff contends that the decision of the Court of Appeals in j the Phoenix Ins. Co. case is contrary to and must be deemed to have overruled the holding in the Utica Mut. Ins. Co. case. This : is not so. So far as appears the procedural question as to whether the declaratory judgment action was maintainable was ¡ not raised in the Phoenix Ins. Co. case. That question was ; raised, and determined adversely to the plaintiff in the declara- j tory judgment action in the Utica Mut. Ins. Co. case, although ] the possibility that the insured might be held liable as owner by , estoppel was apparently not raised. While that possibility is raised — indeed, stressed — in the instant case, this action for , a declaratory judgment action seems unnecessary. i
In Nationwide Mut. Ins. Co. v. Dennis (14 A D 2d 188, motion j for leave to appeal denied 10 N Y 2d 708) the Appellate Division, j Third Department, cited the Utica Mut. Ins. Go. case with j approval in the course of indicating some of those instances in ! which a declaratory judgment action would and would not lie in the face of pending negligence actions, and then wrote as follows (p. 189): “ The rationale for the dichotomy above is that the policy in this State has been to deny the declaratory judgment where the matter in dispute can be determined in the basic negligence action but to permit the action when the dispute is such that it depends on matters outside of the negligence action or will not arise in the negligence action as a part of the lawsuit. ” (Emphasis supplied.)
True, in the instant case, the issue of Perfetto’s ownership by estoppel is presented in the pending negligence action. So, too, however, is the issue of actual ownership by either Perfetto or Hempstead Lincoln-Mercury Motors Corp. (See the sixth paragraph of the supplemental summons and complaint served pursuant to leave granted by this court in its order dated August 30, 1962; Schomer v. Andy Le Grow, Inc., 198 N. Y. S. 2d 974, 980-981.) That issue, therefore, can be determinedmi the pending negligence action. (See Civ. Prac. Act, §459.) Furthermore, it should be.
*741 The only real issue in this declaratory judgment action is that of actual ownership by Perfetto. Unquestionably, that issue can be disposed of more simply and quickly in that action than it is likely to be in the negligence action. Expediency, however, is not to he served at the expense of justice. To permit the declaratory judgment action to remain would he not only to sanction a multiplicity of actions, a result usually to be avoided, but could result, also undesirably, in a finding in the declaratory judgment action that Perfetto was not the actual owner and a finding in the negligence action that Hempstead Lincoln-Mercury Motors Corp. was not the actual owner. The net result would be that plaintiff in the negligence action would have been frustrated in Ms attempt to establish actual ownership by either of the only two parties who, so far as appears, could possibly have such ownership and this principally because that factual issue was not submitted for determination to only one court or jury in a single action. Such a result, even if unlikely, should be avoided, if possible.
Furthermore, although not treated as determinative of the issue herein, the order of this court dated August 30,1962, denied a motion by the attorney for Perfetto for leave to withdraw as such in the negligence action upon the ground, as stated in the decision of the court, that ‘ ‘ A substantial question of fact has been raised as to whether said defendant [i.e„, Perfetto] owned the automobile at the time of the accident.”
In view of the foregoing, branch (3) of the motion is granted and the complaint dismissed, in the discretion of the court (Bules Civ. Prac., rule 212), and branch (1) of the motion is dismissed as academic.