MARY DOWNEY, Appellant, v. MERCHANTS MUTUAL INSURANCE COMPANY, Respondent.

Fourth Department, June 24, 1968.

*Francis X. Murphy* for appellant.

*Gleason & O'Connor (Raymond V. O'Connor* of counsel), for respondent.

*Per Curiam.* The court below dismissed plaintiff's action for judgment declaring that defendant is legally obligated to defend her and is liable to pay any judgment which Mary Saracina and husband may recover against her in the negligence action they have brought against plaintiff and the City of Buffalo. It appears that plaintiff's husband was employed by the City of Buffalo and had the use of one of its automobiles upon its business. He permitted the plaintiff to drive it on July 29, 1965, and while doing so she was involved in an accident with a vehicle driven by Mary Saracina, who then, with her husband, instituted the above-mentioned negligence action.

It happened that the defendant in this declaratory judgment action was the insurer of the city's vehicle and also of the family automobile owned by plaintiff's husband. Upon being served with the summons and complaint in the negligence action by the Saracinas, the plaintiff herein turned it over to this defendant as her insurer to defend. The defendant then wrote to plaintiff and to her husband disclaiming liability with respect to said accident under either policy of insurance, upon the ground that the plaintiff herein was operating the city's vehicle without permission. The plaintiff thereupon instituted this action against her insurer; and the latter responded with the motion to dismiss the action on the stated ground of lack of jurisdiction of the court to entertain it. The affidavit in support of the motion stated that it was based upon the ground that the question of permission of the plaintiff to operate the city vehicle must necessarily be determined in the negligence action, and that hence it should not be decided preliminarily in the declaratory judgment action. The motion was, therefore, essentially addressed to the discretion of the court, to avoid multiple trials of the issue; and we assume that it was on such ground that the motion was granted.

We agree that the issue of plaintiff's permission to drive the city vehicle will be determined in the negligence action; and that defendant's liability to pay any judgment recovered against the plaintiff herein in that action, to the extent of the coverage, will depend upon the determination of the issue of plaintiff's permission to operate the city's vehicle; and that hence such issue should not be tried in the declaratory judgment action. (*Nationwide Mut. Ins. Co.* v. *Dennis*, 14 A D 2d 188; *Stuyvesant Ins. Co.* v. *Perfetto*, 37 Misc 2d 739, affd. 20 A D 2d 676.) An action for declaratory judgment, however, which states a cause of action should not be summarily dismissed; and the plaintiff

is entitled to have her rights declared whether or not favorable to her (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 50–51; *Sylvander* v. *Taber*, 6 A D 2d 987).

Although the action has not been reached for trial, certain conclusions of law may now be drawn from the pleadings (see *Hoffman* v. *City of Syracuse*, 2 N Y 2d 484, 487). By the terms of defendant's policy if it be determined in the negligence action that plaintiff was driving with permission of the city, defendant will be liable to pay the recovery had against the plaintiff to the extent of defendant's policy coverage. In such circumstances defendant is also required to defend the negligence action in behalf of the plaintiff. Defendant's duty under its policy to defend its insured is held to be broader than its duty to pay (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148, 154; *Prashker* v. *United States Guar. Co.*, 1 N Y 2d 584).

The order dismissing the complaint should, therefore, be reversed, and the motion should be denied; and the rights of the parties declared to the extent above stated, with costs to the appellant.

BASTOW, P. J., DEL VECCHIO, MARSH, WITMER and HENRY, JJ., concur.

Order unanimously reversed and declaration made in favor of plaintiff, with costs, in accordance with *Per Curiam* opinion.