Anthony M. Livoti, J.
By this CPLR article 78 proceeding petitioner seeks to enjoin the discontinuance of her public assistance until she has been provided with detailed reasons for, and copies of the documents to be submitted at the fair hearing in support of the proposed action. Petitioner, on behalf of herself and all .similarly situated recipients of public assistance, also requests the .court to declare that it is the mandatory obligation of the New York City Department of Social Services to provide such reasons and documents pursuant to 18 NYCRR 358.8 and 18 NYCRR 358.9.
The New York City Department of Social Services informed the petitioner that her public assistance would be discontinued *345 for: Refusal to comply with departmental policy — noncompliance with medical evaluation procedure.
Petitioner then requested a fair hearing by a letter to the State Department of Social Services, with a copy to the city agency. Therein she also requested a more precise statement of the reasons for the proposed action and copies of the documents to be introduced by the city agency at the hearing. The statement and documents were not provided, though petitioner was notified of the scheduled date for the fair hearing.
Petitioner has convincingly shown that her case is typical in this regard. The city agency uses a centralized process of closing cases. Recipients are sent standardized notices of the reasons public assistance is to be discontinued or suspended. Pursuant to 18 NYCRR 358.8, the notices should give recipients “ detailed reasons ” for the proposed action. To show the failure to conform with this requirement, the petitioner presents one such standardized notice frequently used: Eligibility apparently established, subsequently disproved.
This succinctly and amply illustrates why, over one year ago, the United States District Court for the Southern District of New York in Almenares v. Wyman (71 Civ. 3503) ordered the New York State Department of Social Services to implement a new State-wide uniform notice system in place of the vague standardized notices still used, at least in New York City, despite the directive of the State agency to the contrary.
The Federal court in Almenares has not considered implementation of the requirement in 18 NYCRR 358.9(d) that the local agency, within 48 hours of being notified by the State agency of a recipient’s request for a fair hearing, shall send the recipient and the recipient’s representative copies of all documents to be submitted at the hearing in support of the proposed action. In this regard, petitioner submits the affidavits of attorneys in various legal services offices throughout the city who unanimously aver that they have never been provided with copies of such documents by the city agency.
Though both the city and State agencies deny petitioner’s general allegation that the notices are always vague and that copies of the documents are never provided, neither respondent shows a triable issue of fact on either of the points, because neither respondent has submitted affidavits or other written proof contradicting petitioner’s allegations. (CPLR 7804, subd. [e].)
The city agency has withdrawn the notice to discontinue petitioner’s public assistance and has thereby rendered academic the question of whether to enjoin the discontinuance of peti *346 tioner’s public assistance. Nevertheless, it is proper to treat the issues raised because they quite obviously have a substantial public importance and a likelihood of recurrence. (Matter of Gold v. Lomenzo, 29 N Y 2d 468; Cluett, Peabody & Co. v. J. W. Mays, Inc., 5 A D 2d 140, affd. 6 N Y 2d 952; Matter of Cisco v. Lavine, 72 Misc 2d 1009; Matter of Febish v. New York State Lottery Control Comm., 32 Misc 2d 558.) Further, it is appropriate to consider such issues in a class action in order to avoid the multiplicity of suits resulting from such widespread action adverse to the interests of public assistance recipients. (Young v. Shuart, 39 A D 2d 724; Matter of Cisco v. Lavine, supra; Christman v. Skinner, 38 A D 2d 884; see, also, Matter of Clifford v. Police Comr., 6 N Y 2d 811.) Though this has been commenced as a special proceeding, it will now be treated as a declaratory judgment action, as is proper in such situations. (CPLR 103, subd. [c]; Matter of Kovarsky v. Housing and Development Administration of City of N. Y., 31 N Y 2d 184.) Since the relief that might, as a result, be accorded is beyond the scope and intent of the fair hearing procedures, it is of no consequence that administrative remedies have not been exhausted. (Matter of Williams v. Kurtis, 64 Misc 2d 954.) Therefore, the court will treat the substantive issues raised.
As to the first of these issues, it is clear that as a matter of due process a recipient must, among other things, be given timely and adequate notice detailing the reasons for a proposed termination of public assistance. (Goldberg v. Kelly, 397 U. S. 254; Almenares v. Wyman, 334 F. Supp. 512; 18 NYCRR 358.8; Code of Fed. Reg., tit. 45, § 205.10.) The court will not, however, meaningfully explore the matter with greater particularity in these proceedings. More particular questions can and should be resolved in the pending class action of Almenares v. Wyman. A declaratory judgment action is not appropriate for the resolution of issues raised in another pending action between the parties. (Ithaca Textiles v. Waverly Lingerie Sales Co., 24 A D 2d 133, affd. 18 N Y 2d 885; Reynolds Metals Co. v. Speciner, 6 A D 2d 863.) Otherwise, the court would be sanctioning a multiplicity of actions and might unfortunately reach a divergent result. (See Stuyvesant Ins. Co. v. Perfetto, 37 Misc 2d 739, affd. 20 A D 2d 676.)
The other substantive issue, not raised in Almenares as far as this court knows, involves two departmental regulations: 18 NYCRR 358.9(d) and 18 NYCRR 358.12(a), dealing with documents to be submitted at the fair hearing in support of the proposed action. While section 18 NYCRR 358.9(d) requires the local agency to send copies of the documents to the recipient, *347 section 18 NYCRR 358.12(a) requires the local agency to afford the recipient an opportunity to examine the documents at a reasonable time before the hearing, if copies have not already been provided. Petitioner persuasively links prior knowledge of these documents with a recipient’s right, as stated in Goldberg v. Kelly (supra, p. 268), of having an “ effective opportunity to defend by confronting any adverse witnesses ”, because normally in fair hearings the city agency supports its case solely by documents and, as a result, it is the recipient who must subpoena the persons who prepared the documents in order to confront them. The court need not here decide, however, that it is necessary to send copies of the documents to a recipient in advance of a fair hearing in order to satisfy a due process requirement. Assuming there is such a due process requirement, it would be satisfied by 18 NYCRR 358.12 which allows a recipient or his representative, upon request, to examine such documents at a reasonable time before the date of the fair hearing.
Nevertheless, petitioner is entitled to the relief requested on the basis of the statutory rights created by the departmental regulation which mandates that copies of the documents be sent to recipients in advance of the fair hearing. In Matter of Jackson v. Wyman (36 A D 2d 743), for example, the Appellate Division of this Department annulled the determination made after a fair hearing and remanded the matter for further proceedings with the requirement that the local Department of Social Services comply with the then departmental regulation that, in advance of the fair hearing, a written summary of the case be prepared and submitted to the party requesting the hearing. Further, the mandatory nature of regulations is not affected by the fact that there are two regulations on point. The city agency, in arguing that the two regulations allow the local agency to adopt but one of them as its procedure, seeks to add weight to its position by claiming special importance for its opinion. This is, however, a regulation of the State agency, whose interpretation alone should be given special weight. Significantly, the State agency does not raise the same argument. Also, the regulation is obviously remedial in nature and intended for the benefit of those ill-prepared to challenge the bureaucratic machinery. Therefore, despite the availability of other procedures, the court determines that copies of the documents must be provided to the recipient and the recipient’s representative in advance of the fair hearing.
The court specifically does not decide and, indeed, petitioner does .not argue that the 48-hour provision in 18 NYORR 358.9(d) operates in the manner of a Statute of Limitations to prevent *348 any action if the time limit is exceeded. Given the time requirement as to advance notice of fair hearings (see 18 NYCRR 358.11), the clear intent of the departmental regulation is that copies of the relevant documents should be sent to the recipient and the recipient’s representative several days before the date of the fair hearing.
Accordingly, petitioner’s application is granted, but only to the extent that the court declares that public assistance cannot be discontinued, suspended or reduced if a fair hearing has been requested by the recipient and the social service official proposing such action has not, prior to the hearing, sent to the recipient copies of all documents to be submitted at the hearing in support of the proposed action. In all other respects the application is denied.