■ JAMES ROBB, an Infant, by His Father and Natural Guardian, Appellant, v ROYAL GLOBE INSURANCE COMPANY et al., Respondents, et al., Defendants.—In an action for a judgment declaring *inter alia* that defendant Royal Globe Insurance Company (Royal Globe) is obligated to defend and indemnify plaintiff in certain actions against him, plaintiff appeals from (1) an order of the Supreme Court, Nassau County, entered November 13, 1974, which denied his motion for summary judgment and (2), as limited by his brief, from so much of an order of the same court, entered January 31, 1975, as, upon reargument, adhered to the original determination. Appeal from order entered November 13, 1974 dismissed, without costs, as academic. That order was superseded by the order granting reargument. Order entered January 31, 1975 affirmed insofar as appealed from, without costs. This action arose from an accident in which an automobile operated by the infant plaintiff and owned by defendant William Jablonski collided with several other vehicles. Suits to recover for personal injuries and property damage were commenced by the passengers, owners and operators of the other cars against plaintiff and Jablonski. Royal Globe, which insured the Jablonski vehicle, undertook to defend Jablonski but refused to defend plaintiff. Thereafter, plaintiff commenced this action for a judgment declar-

ing that Royal Globe is obligated to provide him with a defense in the underlying actions. Special Term denied him summary judgment. The issue on appeal is whether the proof adduced by plaintiff on the summary judgment motion established, as a matter of law, that he comes within the coverage of the policy. Under its omnibus clause, the policy's coverage extends to the named insured or to "any person operating or using the [vehicle] with the permission, express or implied, of the named insured" (Insurance Law, § 167, subd 2). Thus, to obtain summary judgment, plaintiff had to produce uncontroverted proof that he was using the car with the express or implied permission and consent of Jablonski. This he did not do. The proof adduced shows that Jablonski never gave his consent; the transcript of an examination before trial of plaintiff clearly shows that he never had permission to drive the car. Plaintiff testified that at the time of the accident he was 14 years old, that he did not know who owned the car, that he had taken the keys to the car when he found it unlocked on the street, that on the following evening he went to a party where he drank gin and whiskey and that when he left the party he took the car and eventually was involved in the accident in question. There is no evidence that plaintiff had permission to drive the car; his own examination before trial contains a clear, detailed and unequivocal admission that he stole the vehicle and was not authorized to drive it. Furthermore, it appears that the underlying personal injury and property damage actions have already been tried and that the jury returned a verdict in favor of Jablonski which absolved him of liability and thus negated a finding that he had given plaintiff permission and consent to use the vehicle. Royal Globe has no duty to defend an admitted thief of the insured vehicle. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.