■ In the Matter of NINA KANE, on Her Own Behalf and on Behalf of All Others Similarly Situated, Respondent, v HENRY G. PARRY, JR., as Commissioner of the Orange County Department of Social Services, Respondent, and ABE LAVINE, as Commissioner of the New York Department of Social Services, Appellant. In the Matter of MINETTE BOERUM, Respondent, v HENRY G. PARRY, JR., as Commissioner of the Orange County Department of Social Services, Respondent, and ABE LAVINE, as Commissioner of the New York Department of Social Services, Appellant.—In proceedings pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of the New York State Department of Social Services to afford petitioners a fair hearing before discontinuing their Medicaid benefits, the said commissioner appeals from a judgment of the Supreme Court, Orange County, entered July 30, 1975, which, *inter alia,* granted the petitions to the extent of ordering the State commissioner to provide fair hearings for the petitioners and enjoined petitioners' removal from a certain decertified nursing home. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioners have no right to a fair hearing because there was no discontinuance of Medicaid payments (see 18 NYCRR 358.4 [a] [4]). Their failure to comply with the reasonable condition of residing in a qualified nursing home constitutes a waiver of their right to receive payments. Martuscello, Damiani and Titone, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the judgment, with the following memorandum: I agree with the decision of Special Term that the petitioners are entitled to a fair hearing to consider the appropriate action to be taken with respect to their status as residents in a decertified nursing home. By administrative letter dated December 11, 1974, sent by the Deputy Commissioner of the State Department of Social Services to the county commissioners of social services, it was clearly stated that a "patient is entitled to a fair hearing and advance notice thereof in the event of discontinuance or reduction of the level of Medical Assistance; i.e., transfer to a private proprietary home for adults or an intermediate care facility." This letter expressly dealt with the problems created by the decertification of a nursing home by the Federal authorities. The instructions contained in the letter were not followed here. As administrative rulings, the instructions were binding on the county departments of social services (Social Services Law, § 34, subd 3, par [f]); cf. *Matter of Mas v Lavine,* 76 Misc 2d 344, affd 43 AD2d 831). In addition, the instructions are based on the valid ground that aged patients in a nursing home are not generally in a position to provide for themselves in making decisions to change nursing homes and need full and proper consideration when, for reasons not within their power to question, the home in which they are presently living is no longer eligible as a provider

under the State Medicaid program. Having issued such instructions, the State Department of Social Services cannot now attack their validity (see 1 NY Jur, Administrative Law, § 110). [82 Misc 2d 1019.]