Jasen, J.
(dissenting). I cannot agree with the court’s conclusion that an unexplained delay by an insurer "in disclaiming liability or denying coverage [for] two months is unreasonable as a matter of law.” I had thought the rule to be that an insurer give written notice of disclaimer of liability or denial of coverage as soon as is reasonably possible. (Insurance Law, § 167, subd 8.) As a foundation, the statute requires "unreasonableness” as a standard for delay; thus, no specific time period is deemed to constitute undue delay. "Rather the question of unreasonablenss”, we said in Allstate Ins. Co. v Gross (27 NY2d 263, 270), "becomes a question of fact, or if extreme, of law, depending upon the circumstances of the case which make it reasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy.” (Emphasis supplied.)
The agreed statement of facts discloses that the insurer was first notified by the county of the accident nearly four years after the date of the accident. Forthwith, the insurer provided a defense and within 11 days advised the insured county by letter of its reservation of rights as to coverage. Within two months, insurer commenced this action for declaratory judg *1031 ment to disclaim liability and coverage under the insurance policy issued by the insurer.
Based on these undisputed facts and circumstances, can it be said that, even without explanation, the period of two months was an unreasonable or extreme delay, as a matter of law, in commencing the declaratory judgment action to disclaim? I think not. The question is the promptness and forthrightness of the insurer’s response to the insured’s unreasonable delay in notifying the insurer of its claim. It seems most unfair to hold, as the majority does, that the insured county had nearly four years to notify the insurer of the existence of the claim and that the insurer must review a stale claim on the eve of trial and make an absolute decision to disclaim in less than two months. To so hold, the majority ignores the realities of the situation presented — to wit, the additional time required to investigate an accident which occurred almost four years prior to notification of the claim. It should further be stressed that if the insurer errs in its decision to disclaim coverage, a possibility enhanced by the necessity to conduct a hasty investigation, it will be subjected to an action to compel it to defend. (See Downey v Merchants Mut. Ins. Co., 30 AD2d 171, affd 23 NY2d 989.)
In addition, it should be emphasized that this case was decided upon an agreed statement of facts; thus, the parties were not accorded a full opportunity, in a trial setting, to establish their respective positions. While it could be argued that the insurer should not now be permitted to take refuge behind its failure, or more likely, oversight, to include statements which would justify its delay, I would think such justification is implicit in the peculiar circumstances presented by this case.
For these reasons, I agree with the unanimous court at the Appellate Division that "under the facts of this case, the insurer’s delay in disclaiming was not unreasonable as a matter of law (cf., Allstate Ins. Co. v Gross, 27 NY2d 263)” and, accordingly, would aifirm.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Jasen dissents and votes to aifirm in a separate opinion.
Order reversed, etc.