OPINION OF THE COURT
Lawrence E. Kahn, J.
This article 78 proceeding seeks a judgment compelling the Commissioner of Public Safety of the City of Albany to make a determination on the petitioner’s taxicab license applications.
Pursuant to an ordinance duly passed by the Common Council of the City of Albany, the Commissioner of Public Safety of the city is charged with the duty and delegated the power to license taxicabs that operate within the limits of the city (see Ordinance to License and Regulate Taxicabs and Taxicab Operators, Owners and Drivers in the City of Albany). The petitioner filed an application for a license to operate a taxicab in February of 1979, and subsequently on October 29, 1979, he filed applications for three additional licenses. Although almost 20 months have elapsed since the first application was filed, and approximately 12 months have elapsed since the filing of the second application, petitioner has received no determination on his applications.
*760 CPLR 7803 (subd 1) provides that an article 78 proceeding is the proper vehicle by which to compel officials to perform a mandatory duty imposed by statute. Generally, when a person is interested in having some ministerial act of a general public nature performed, devolving as a duty upon the officer refusing to perform it, the performance of such ministerial act may be compelled by a proceeding brought by such person against the officer. (See Matter of Posner v Levitt, 37 AD2d 331.) In the case at bar, it is important to note that the petitioner, at this time, is not seeking a declaration from this court requiring the issuance of an application in his favor. He merely seeks a judgment requiring the respondent to perform its mandated duty to make a determination. It is clear then that the acts sought to be required of the respondent contemplate the performance of a ministerial duty not involving the exercise of judgment or discretion. Accordingly, mandamus is available to the petitioner. (See Siegel, New York Practice, § 558, p 776.)
In answer to petitioner’s allegations, respondent submitted a general denial of the petition. CPLR 7804 (subd [d]) requires the respondent to submit a verified answer “which must state pertinent and material facts showing the grounds of the respondent’s action complained of.” (Emphasis supplied.) Other than a verified answer containing general denials, no affidavit or other written proof has been submitted by the respondent to justify, excuse or otherwise explain its inaction. Such a denial in itself is insufficient as a matter of law to establish a triable issue of fact (CPLR 7804, subd [e]; see, also, Matter of Mas v Lavine, 76 Misc 2d 344, affd 43 AD2d 831).
While courts are reluctant to intrude into the workings of government, they have no alternative but to do so when government does not work. While government should exist to serve the people, in this case, it appears that an arm of government is paralyzed. This government paralysis has substantially affected a significant right of the petitioner herein, namely, the right to earn a living. Petitioner is entitled to have his application for a taxi license heard and determined. By its refusal to do so, respondent creates an impression of unfairness or favoritism.
*761 Petitioner also seeks a judgment directing the respondent to revoke one or both of the two licenses allegedly issued to a Delmar Taxi, Inc. taxicab, bearing New York State registration L-91658, and for an order directing the respondent to inspect all taxicabs that list 137 Lark Street as their address, and to revoke all licenses issued to taxicabs thereat which are inoperable, and for an order declaring the ordinance which regulates and licenses taxicabs unconstitutional in whole or in part. As to petitioner’s allegation in support of said relief, i.e., that certain other taxi companies are not properly licensed or that there are more licenses in existence than are being utilized, such issues at this time cannot be resolved. It cannot yet be determined if petitioner has standing to seek such relief, in that it cannot be determined if he is an aggrieved party until such time as the respondent makes determination as to the petitioner’s pending applications for taxicab licenses.
Accordingly, it is hereby directed that respondent make a determination as to the petitioner’s license applications within 10 days of service of an order in conformance herewith, with notice of entry thereof. In all other respects, the relief sought by petitioner is hereby denied, without prejudice.