■ E. I. DU PONT DE NEMOURS AND COMPANY, Appellant, v JOHN RUSSO et al., Respondents, et al., Defendant. — In an action, *inter alia,* to declare that plaintiff is not liable for any injuries sustained by defendants John and Mary Russo and Willie Poe as a result of a certain fire, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Velsor, J.), entered April 2, 1981, as (1) dismissed its complaint and (2) denied, as moot, its motion to consolidate this action with other pending consolidated actions arising out of the same occurrence. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable to defendants Russo and Poe. Special Term properly dismissed the declaratory judgment action as the "matter in dispute can be determined in the basic negligence action". (See *Nationwide Mut. Ins. Co. v Dennis,* 14 AD2d 188, 189.) There is an action between the parties herein pending in the United States District Court for the Eastern District of New York; the issues raised by plaintiff, a defendant in the Federal action, should be determined in that forum so as to avoid unnecessary litigation within the New York State judicial system. (See *Aetna Cas. & Sur. Co. v Lauria,* 54 AD2d 183, 185.) Furthermore, the New York mechanism for joinder of necessary parties (CPLR 1001) is inapplicable here. The Russos and Poe are not necessary parties in the existing consolidated actions within the contemplation of the statute. They are plaintiffs (in the Federal forum) who commenced an action to recover damages for their own specific injuries and who are unaffected by the damages sustained by other plaintiffs, although all damages arose out of the same occurrence. (See McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1001:2, p 369.) Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.