Titone, J.
(dissenting). I cannot accept the notion that an insurance carrier is obligated to provide a defense to a stranger simply because the plaintiff alleges facts which, if true, would bring the stranger within the ambit of an omnibus clause providing coverage for persons operating a vehicle with its policyholder’s permission. Therefore, I am compelled to dissent.
At the outset, the background facts deserve some emphasis. Plaintiff, Michael L. Colon, was involved in an automobile collision on December 4, 1977, resulting in the death of another driver. At the time, he was operating a vehicle owned by Palmier Oil Co., Inc., the employer of his half-brother, Robert Clark. Despite the fact that Palmier Oil had given Clark explicit instructions not to allow anyone else to operate the vehicle, which was to be used only on company business, Clark allowed Colon to use it for a family errand. Defendant Aetna, the insurance carrier for Palmier Oil, accordingly disclaimed any coverage to Colon under the standard omnibus clause.
*11 Colon admitted liability at the commencement of the trial of the wrongful death action, but claimed that he was operating the vehicle with the implied permission of Palmier Oil, which was also named as a defendant. A jury verdict against Colon, and in favor of Palmier Oil, explicitly rejecting the claim of implied permission by special interrogatory, was upheld on appeal (94 AD2d 911). Colon then commenced this suit against Aetna seeking to recover the attorneys’ fees expended in defense of the wrongful death action.
Special Term granted Colon partial summary judgment on the issue of liability, reasoning that Aetna owed a duty to defend. A divided Appellate Division affirmed, but granted leave to appeal. I would reverse.
The majority relies heavily upon the aphorism that the duty to defend is broader than the duty to indemnify. Like many aphorisms, however, it is an overgeneralization which can be misleading, and, blind adherence to it distorts proper analysis. The duty to defend, though broader than the duty to indemnify, is nevertheless likewise owed only to an insured or covered party. Indeed, until today, this court has recognized such a duty only where the party seeking enforcement was a named insured under the policy. (See, e.g., Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310; Utica Mut. Ins. Co. v Cherry, 38 NY2d 735; Sturges Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69; International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326; Prashker v United States Guar. Co., 1 NY2d 584, 590; Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148, 154.) In those cases, the policyholder paid a premium for the carrier’s contractual obligation to supply a defense, and our decisions recognized that it ill behooves the carrier to avoid that obligation by becoming an adversary before the underlying facts are fully developed.
Different considerations apply, however, where a stranger is attempting to create coverage that never existed initially. In such a circumstance, the carrier fulfills its duty to its insured — again the person or entity that paid the premium — by asserting a defense that the stranger is without the ambit of the policy, here by the stranger’s lack of permission to operate the vehicle after the carrier’s investigation establishes that to be a viable defense.
Under the approach followed by the majority, the carrier will have to allow the stranger to select his own counsel and pay the fee for otherwise there will be a conflict of interest (see, Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 401; American Employers Ins. Co. v Goble Aircraft Specialties, 205 Misc 1066, 1075, *12 appeal withdrawn 1 AD2d 1008; Code of Professional Responsibility DR 5-107 [B]; EC 5-17; NY State Bar Assn, Ethics Opinion No. 519 [1980]). That counsel, to be worth his salt, will have to vigorously assert that permission to operate the vehicle was at least implicitly granted in order that the stranger to the policy be afforded coverage — precisely what plaintiff attempted to do here.
Taken to its logical conclusion, the majority would require a carrier to supply counsel to a thief. Depending upon how cleverly the complaint is drafted — and form book complaints routinely as-, sert the magic words concerning the owner’s "consent and permission” (see, e.g., 5 Carmody-Wait 2d, NY Prac § 29:522, at 37)— the thief can always assert some sort of implied consent, as, for example, claiming that the motorist left the key in the ignition (Vehicle and Traffic Law § 1210 [a]; cf. Epstein v Mediterranean Motors, 109 AD2d 340). The possibility is hardly farfetched for a thief is not necessarily judgment-proof and it certainly would be in the interest of both the thief and the personal injury plaintiff to make such assertions as the carrier may well be encouraged to settle. This unacceptable prospect was previously unthinkable (see, Katz v Allstate Ins. Co., 96 AD2d 930, lv denied 61 NY2d 608; Robb v Royal Globe Ins. Co., 48 AD2d 935).
From whatever prospective, the carrier, in protecting the interests of the stranger to the contract, will be compelled to take steps that are injurious to the policyholder. In other words, the principle that the duty to defend is broader than the duty to indemnify is literally turned on its head.
The undesirable consequences cannot be avoided through a declaratory judgment action or summary judgment (see, Downey v Merchants Mut. Ins. Co., 30 AD2d 171, affd 23 NY2d 989; Nationwide Mut. Ins. Co. v Dennis, 14 AD2d 188). The plaintiffs in the underlying action are certainly interested in keeping the carrier involved as a potential source of payment of any damages awarded. Unless they are made parties to the declaratory judgment action, the determination could not be binding on them, and if they are made parties, it would amount to a full fledged trial of a major question in the personal injury action, with the resultant duplication of litigation (see, Holland Am. Ins. Co. v National Indem. Co., 75 Wn 2d 909, 454 P2d 383, 386). It thus has been settled " 'policy in this State * * * to deny the declaratory judgment where the matter in dispute can be determined in the basic negligence action * * * [and only] to permit the action when the dispute is such that it depends on matters outside of the negligence action or will not arise in the negligence action as part of the *13 lawsuit.’ ” (Allstate Ins. Co. v Santiago, 98 AD2d 608, quoting Nationwide Mut. Ins. Co. v Dennis, supra, at p 189; see also, Cordial Greens Country Club v Aetna Cas. & Sur. Co., 41 NY2d 996; Du Pont de Nemours & Co. v Russo, 84 AD2d 532; Everlast Sporting Goods Mfg. Co. v Aetna Ins. Co., 23 AD2d 641; Stuyvesant Ins. Co. v Perfetto, 37 Misc 2d 739, affd 20 AD2d 676.)
Nor could a motion for summary judgment be made by the carrier. Permission is presumed from ownership (Leotta v Plessinger, 8 NY2d 449, 461), so, at best, whether or not permission had been granted is an issue of fact, not susceptible of summary resolution (Aetna Cas. & Sur. Co. v Brice, 50 NY2d 958, affg 72 AD2d 927; Basile v Huntington Utils. Fuel Corp., 47 AD2d 625; Blunt v Zinni, 32 AD2d 882, 883). More important, the carrier is not a party to the underlying personal injury action. It could not, pick up the telephone, so to speak, and advise either the attorney for its policyholder or the stranger to make a motion for summary judgment. An attorney cannot allow a nonclient to direct the management of litigation (see, Code of Professional Responsibility DR 5-107 [B]; EC 5-23; State Farm Mut. Auto Ins. Co. v Walker, 382 F2d 548, 552, cert denied 389 US 1045; American Employers Ins. Co. v Goble Aircraft Specialties, 205 Misc 1066, 1075, supra). Besides, at that point counsel for the stranger has already been engaged so little would be gained from the carrier’s perspective even if it could resolve the issue of permission by summary judgment.
Courts elsewhere have focused on the question of whether a carrier is obligated to provide a defense to a stranger to the contract under the omnibus clause where the complaint makes an allegation of implied permission. Most, including those of the neighboring States of Connecticut (Keithan v Massachusetts Bonding & Ins. Co., 159 Conn 128, 267 A2d 660) and New Jersey (Ricciardi v Bernasconi, 105 NJ Super 525, 253 A2d 487 [Mountain, J.]), hold that the stranger must first establish that he or she is within the ambit of coverage so that if no prior declaratory judgment action be brought by the stranger and it is determined in the underlying personal injury suit that the stranger lacked permission to operate the vehicle, the carrier perforce had no duty to defend the stranger and is not liable for counsel fees (see, Southern Underwriters v Dunn, 96 F2d 224; Butler v Maryland Cas. Co., 147 F Supp 391; Navajo Frgt. Lines v Liberty Mut. Ins. Co., 12 Ariz App 424, 471 P2d 309; Williams v Community Drive-In Theatre, 3 Kan App 2d 352, 595 P2d 724; Smith v Insurance Co. of State of Pa., 161 So 2d 903 [La App], cert denied 246 La 344,164 So 2d 350; 7A Appleman, Insurance Law and Practice § 4683, at *14 447-448; 7C Appleman, Insurance Law and Practice § 4685.02, at 155-156 [Berdal ed]). These courts hold, in other words, that boiler-plate allegations do not control the rights of nonpolicyholders.
Butler v Maryland Cas. Co. (supra) is illustrative. After recognizing the general principle that the insurer’s obligation to provide a defense is ordinarily determined by the allegations of the complaint, even though the allegations are groundless, the court explained: "But before that principle applies, it must be shown that the defendant in the personal injury action is in fact an assured, named or omnibus, under the policy. Obviously, the insurer’s obligation is not to provide a defense for a stranger merely because the plaintiff alleges that the strange defendant is an assured or alleges facts which, if true, would make him so. Conversely, the insurer may not renege on its obligation to provide a defense, even for an omnibus insured, merely because the allegations in the complaint are groundless. For example, where a person is driving the named insured’s car with his permission, the permittee is an omnibus assured under the policy and the insurer owes him a defense when sued even though the charge of negligence against him cannot be proved. On the other hand, if permission was not granted for the use of the car, the user thereof is not entitled to a defense under the policy irrespective of proof of negligence. In short, allegations in the plaintiff’s petition cannot create an obligation on the part of the insurer to defend where none previously existed.” (147 F Supp, at p 395.)
This analysis makes eminent sense and should be followed by us. Moreover, I cannot accept the majority’s argument that this approach operates as an incentive for a carrier to unreasonably refuse to defend. The stranger will select his or her counsel in any event, and the only question will be whether the carrier must pay the fee (see, Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 401, supra). In addition, the stranger can probably bring a declaratory judgment action to obtain a judicial determination of the carrier’s obligations (see, Downey v Merchants Mut. Ins. Co., 30 AD2d 171, affd 23 NY2d 989, supra). Be that as it may, as noted by the Arizona Court of Appeals, "If an insurer erroneously takes the position that notwithstanding the allegations of the complaint it has no obligation to defend, and facts subsequently establish that such duty did exist, then we are confident that the law will allow the injured party an adequate remedy for the breach by the insurer of its obligations under the policy. (See the many cases affording such a remedy cited in Annot., 50 A.L.R2d 461 (1956)). On the other hand, if the insurer’s position is ultimately shown to *15 be correct, then it should not be penalized by being forced to bear an expense which it did not contractually obligate itself to incur” (Navajo Frgt. Lines v Liberty Mut Ins. Co., 12 Ariz App 424, 431, 471 P2d 309, 316, supra; accord, Williams v Community Drive-In Theatre, supra).
There are some contrary decisions (e.g., Holland Am. Ins. Co. v National Indem. Co., 75 Wn 2d 909, 454 P2d, at p 386, supra). Ironically, however, they offer no support for the majority holding here because they treat the allegations of the complaint in the underlying litigation as controlling, precluding the carrier from resorting to a declaratory judgment action (Holland Am. Ins. Co. v National Indem. Co., 75 Wn 2d 909, 454 P2d, at p 386, supra). In any event, these decisions apparently represent a minority view and their conclusory analysis, ignoring the policy language, is unpersuasive (see, Keithan v Massachusetts Bonding & Ins. Co., 159 Conn 128, 267 A2d 660, supra; Navajo Frgt. Lines v Liberty Mut. Ins. Co., supra; Williams v Community Drive-In Theatre, supra).
In this case, defendant fulfilled its duty to its policyholder when it successfully defended the underlying action on the basis of lack of permission. When the jury determined that plaintiff had operated without such permission, he became a stranger to the contract and defendant owed it no duty to defend or pay for his defense.
Accordingly, I would reverse the order of the Appellate Division and dismiss the complaint.
Chief Judge Wachtler and Judges Meyer, Simons and Alexander concur with Judge Kaye; Judge Titone dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed, etc.