■ In the Matter of LOUIS BONANNO, Respondent, v TOWN BOARD OF THE TOWN OF BABYLON, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellant to issue the petitioner a plumber's license, the appeal is from an order of the Supreme Court, Suffolk County (Orgera, J.), entered September 1, 1987, which denied its motion to dismiss the petition and granted the petition to the extent of directing the appellant to consider the petitioner's application for reinstatement of his plumber's license.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, that application is referred to Justice Balletta, and leave to appeal is granted by Justice Balletta (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, with costs.

A proceeding pursuant to CPLR article 78 is the proper vehicle by which to compel officials to perform a mandatory duty (CPLR 7803 [1]). Mandamus may be used to compel the performance of an act required to be done by provision of law where "the act sought to be compelled is ministerial, nondiscretionary and nonjudgmental, and is premised upon specific statutory authority mandating performance in a specified manner" *(Matter of Peirez v Caso,* 72 AD2d 797) and where there is an inordinate delay in acting *(Matter of Stuart & Stuart v New York State Liq. Auth.,* 29 AD2d 176). Mandamus is therefore appropriate to compel acts that officials are duty bound to perform, regardless of whether they may exercise

their discretion in doing so. A body can be directed to act, but not how to act, in a manner as to which it has the right to exercise its judgment *(Klostermann v Cuomo,* 61 NY2d 525, 540).

Here the appellant is the licensing body responsible for the issuance of licenses to plumbers in the Town of Babylon. The petitioner's license had been revoked by the appellant in August 1983. Three years later, in September 1986 the petitioner submitted an application to the appellant requesting either a new license or reinstatement of his old license. Six months thereafter, in response to his inquiry, the petitioner was advised that "[t]he Town Board has not taken any action on the Petition as of this date". The Board's inaction has resulted in an inordinate delay in the instant case where the petitioner had been without his livelihood for three years. A reasonable time to act is presumed when there is no specific time given, and the failure of the Board to act on the petitioner's application within six months is without any rational or legal justification and is therefore unreasonable *(Howell v Benson,* 105 Misc 2d 757). We conclude that the Supreme Court did not err when it compelled the appellant to consider the petitioner's application and to make a determination thereon. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.