■ GREGORY ORR, Appellant, v CONTINENTAL CASUALTY COMPANY, Respondent. [613 NYS2d 234] —In an action, *inter alia,* for a judgment declaring that the defendant is obligated to defend the plaintiff in an action brought against him by third parties, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 30, 1992, which, *sua sponte,* treated the defendant's motion for clarification of an order of the same court entered November 20, 1991, granting the plaintiff's motion for partial summary judgment on his third cause of action, as a motion to reargue and, upon reargument, denied summary judgment.

Ordered that the order is affirmed, with costs.

In October 1990, the plaintiff's 32-foot boat exploded and burned as it entered New Rochelle Harbor. At the time of the occurrence, the plaintiff was aboard the boat with John Joseph Morra and Peter J. Vivenzio.

Thereafter, the plaintiff submitted a claim to the insurer of the boat, the defendant, Continental Casualty Company, for the loss. Subsequently, Morra and Vivenzio commenced an action against the plaintiff to recover damages for personal injuries. The plaintiff requested that Continental defend the lawsuit pursuant to the liability portion of the insurance policy.

Continental rejected the plaintiff's claim for property loss,

as well as his request that it defend the Morra and Vivenzio personal injury claims. Continental alleged that the plaintiff had concealed and misrepresented facts concerning the nature and extent of the fire, and that it believed that the plaintiff had intentionally caused the fire with the assistance of Morra and Vivenzio in order to make a fraudulent insurance claim.

The plaintiff commenced the instant action against Continental, seeking, *inter alia,* a money judgment for the amounts he had thus far expended in defending the Morra and Vivenzio claim, as well as a declaration that Continental was obligated to defend the Morra and Vivenzio action. Subsequently, the court granted his motion for summary judgment.

Five months after the motion had been granted, Continental moved for "clarification" of the order. The court, *sua sponte,* considered Continental's motion as one to reargue, granted reargument and, upon reargument, reversed itself and denied the plaintiff's motion. It is from this order that the plaintiff appeals.

We agree with the Supreme Court that the question of whether Continental is obligated to defend the plaintiff turns upon a determination of whether the plaintiff breached a condition precedent in the insurance contract. Continental's claim that the plaintiff intentionally concealed and misrepresented material facts, and engaged in fraudulent conduct in connection with his demand for coverage is, in essence, a claim that the insured breached the covenant of cooperation. "If [the insured] failed at the outset to make a fair and truthful disclosure which would enable the insurer to determine whether there was a genuine defense, there was a breach of the covenant for co-operation" and "[u]nder New York law the insurer [has] the right, without proof that it [has] been prejudiced, to declare the contract at an end inasmuch as the breach was of a term upon which the contract was conditioned" *(United States Fid. & Guar. Co. v von Bargen,* 7 AD2d 872, 873, *affd* 7 NY2d 932). However, the question of whether or not there has been a breach of a condition precedent is generally one of fact *(see, American Sur. Co. v Diamond,* 1 NY2d 594).

Where, as in the instant case, the issues relating to the plaintiff's alleged breach of the policy conditions will not be determined in the underlying negligence action, the issues in the declaratory judgment action must be determined before Continental is ordered to defend the plaintiff in that underlying action *(see, Nationwide Mut. Ins. Co. v Dennis,* 14 AD2d 188; Couch, Insurance § 74:149, at 662).

Whether the plaintiff's alleged breach of the policy conditions entitled Continental to disclaim coverage must await determination at trial in the instant declaratory judgment action *(see, Eveready Ins. Co. v Levine,* 145 AD2d 526; *National Grange Mut. Ins. Co. v Austin,* 23 AD2d 776; *Nationwide Mut. Ins. Co. v Dennis, supra; United States Fid. & Guar. Co. v von Bargen, supra).* Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.