■ JOSEPH A. ROSS, JR., Doing Business as MODERN UTILITIES ENGINEERING COMPANY, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.— Judgment affirmed on the law, with costs to the respondent. The liability policy which gives rise to this suit excludes from coverage any " completed operations ". Applied to this case it excluded any accident occurring after the servicing of the burner had been completed. The third-party complaint, which the plaintiff claims the defendant was obliged to defend, alleges that " a service call " was made " prior to  *  *  *  the alleged accident ". It is because of this allegation that the defendant urges there was no coverage and it was therefore not obliged to defend. The plaintiff contends that we must not necessarily draw the conclusion that because of the use of the word " prior " the service visit was completed before the accident occurred. However, assuming that the defendant's construction be accepted, it would still be obliged to defend if the third-party complaint, because of other allegations, allows for a recovery against the insured upon a showing that the accident occurred during rather than after the service visit. In other words the question presented is — does the use of the word " prior " in the third-party complaint exclude the possibility of recovery against the insured for an accident that occurred during the service call. It perhaps would exclude such recovery if the third-party complaint was limited to the allegation with respect to the prior service call. It pleads more, however. Paragraph Eighth of the complaint would fasten liability on the insured if the plaintiff in the original action obtained " any judgment " against the third-party plaintiff. Based upon the pleadings in the original action it is conceivable that the plaintiff might have recovered against the defendant upon proof that the accident occurred during a service call. The pleading in that action does not preclude such a result. Inasmuch as the third-party plaintiff seeks through its third-party complaint to hold the insured or third-party defendant responsible for " any judgment that may be entered by the plaintiff herein " against the third-party plaintiff, liability might very well have fallen on the insured upon a factual showing of an accident during a service call. In the circumstances and based upon the pleadings, it became the duty of the defendant to defend this action. Concur — Botein, P. J., Rabin and Stevens, JJ.; Valente and Eager, JJ., dissent and vote to reverse and dismiss the complaint in the following memorandum by Valente, J.: I dissent and would reverse the judgment and dismiss the complaint. Unquestionably, defendant as a liability insurance carrier was under a duty to defend an action against the insured if the pleading in that action alleged facts sufficient to bring the case within the coverage of the policy. That obligation existed even though the suit was groundless, false or fraudulent (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148). The sole question here is whether the third-party complaint, served on the insured, on its face, nevertheless, alleged facts which come within the coverage of the policy. Paragraph " Fifth " of the third-party complaint alleges in plain language that on January 7, 1957 " *and prior to the alleged accident* " the insured's agents made a service call and, " among other things, ' checked burner, relay and thermostat ' ". The only reasonable interpretation of those allegations is that the servicing of the oil burner was a completed operation when the explosion

occurred. As a completed operation it was excluded from the coverage of the policy in suit (*U. S. Sanitary Specialties Corp.* v. *Globe Ind. Co.*, 204 F. 2d 774). There was nothing ambiguous in the language which might create any reasonable doubt that there was even potentially a case within the coverage of the policy. Moreover, about six months before the service of the third-party complaint, both the insured and the third-party plaintiff had been informed by the insurer that the employee of the insured had completed his work and left the premises before the explosion occurred. Hence, when the third-party complaint was prepared and served, the language "prior to * * * the alleged accident" evidently was deliberately used to express the true facts. While the duty of an insurer to defend must be broadly adjudicated, it should not be imposed upon the basis of an implausible interpretation of plain language. Any reasonable doubt as to the obligation to defend must be resolved in favor of the insured. However, liability should not stem from an *ex post facto* sophistical exegesis which does violence to the plain words of the third-party complaint. As Justice BLACK said, in another connection, in *Clay* v. *Sun Ins. Office* (363 U. S. 207, 215): "The only way to get ambiguity into this section is to import it." On the strength of the pleading served on the insured, defendant was therefore within its rights in refusing to defend the suit, and plaintiff should not have been allowed to recover the counsel fee and other expenses incurred in a successful defense of the third-party complaint.