■ EVERLAST SPORTING GOODS MFG. CO., INC., Respondent, v. AETNA INSURANCE CO. et al., Appellants.— Order and judgment (one paper), unanimously modified on the law, to strike therefrom the provisions declaring and adjudging that the defendants, Aetna Insurance Co. and Allstate Insurance Company, are required and obligated to pay any judgment which is recovered against the plaintiff, Everlast Sporting Goods Mfg. Co., Inc. (Everlast), as defendant in the tort action brought by Meyer Alexander in the Civil Court of the City of New York; and the judgment, as so modified, affirmed, without costs and disbursements. The judgment properly declared and adjudged that the said defendant insurance companies were required and obligated by their respective policies to defend Everlast in the said action. The duty of the said defendants to defend Everlast was properly determined from the allegations of the complaint and bill of particulars served in the tort action brought by Alexander. (See *Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148; see, also, *Ross* v. *Maryland Cas. Co.,* 11 A D 2d 1002, affd. 9 N Y 2d 876.) The circumstance that some grounds are alleged in the complaint in the tort action "which would involve the insurance company in liability, is enough to call upon it to defend these actions (*Doyle* v. *Allstate Ins. Co.,* 1 N Y 2d 439)." (*Prashker* v. *United States Guar. Co.,* 1 N Y 2d 584, 592.) The defense of the tort action cannot await its outcome; it must be undertaken now. (*Prashker* v. *United States Guar. Co., supra.*) Here, the allegations of the complaint and bill of particulars in the tort action are sufficiently broad to enable the plaintiff therein to establish a case bringing his injuries within the coverage of either, or possibly both of the respective policies of the defendants. As frequently said, however, "the duty to defend is broader than the duty to pay." (*Goldberg* v. *Lumber Mut. Cas. Ins. Co., supra,* p. 154.) Since the policy of each defendant "is one of indemnification; it is clear that the liability of the insurance company depends upon the basis for liability which is adjudicated against the assureds in the main actions." (*Prashker* v. *United States Guar. Co., supra,* p. 591.) In view of the nature and scope of the allegations of the pleadings in the tort action, it may not be determined at this time whether or not the respective policies of the defendants, or one of them, should provide coverage to Everlast for Alexander's alleged injuries. Therefore, this action is premature insofar as it seeks a declaration with respect

to the obligation of the defendants to pay any judgment rendered against Everlast in the Alexander action. (*Prashker* v. *United States Guar. Co., supra*; *Exchange Mut. Ins. Co.* v. *Blazey*, 19 A D 2d 682, mot. for lv. to app. den. 13 N Y 2d 601; see, also, *Cosmopolitan Mut. Ins. Co.* v. *Trapier*, 20 A D 2d 885, affd. 15 N Y 2d 503.) Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.