Bernard S. Meyer, J.
This motion by plaintiff for summary judgment is granted to the extent of declaring that defendant, Empire Mutual Insurance Company is obligated to defend plaintiff in the two actions brought against him for personal injuries and wrongful death, and as to defendant Aetna, Insurance Company is denied without prejudice to renewal on papers including the Aetna policy.
It is not possible to determine on the present papers whether both carriers are, or only Empire is, obligated to defend. That both may be is clear from Everlast Sporting Goods Mfg. Co., v. Aetna Ins. Co. (23 A D 2d 641) but the only part of the Aetna policy presented on this motion is the ‘1 Persons Insured ’ ’ clause. Plaintiff is clearly within that definition for he was Aetna’s named insured, but whether the Aetna policy covered him for other than 1 ‘ actual operation ” of a nonowned automobile and whether the ‘ ‘ Other Insurance ’ ’ provisions of the Aetna policy make its coverage only excess cannot be ascertained on the present papers.
The Empire policy was, however, issued to Harry Perkett, the owner of the vehicle involved in the one-car collision out of which the underlying tort actions arise. Plaintiff in this declaratory judgment action is charged in the tort actions brought against him with negligently failing to perform his duties as a licensed driver accompanying Perkett, a learner. While the liability of the licensed driver is for negligence in instruction rather than operation (compare Lazofsky v. City of New York, 22 A D 2d 858, with Wolpert v. Garrett, 278 App. Div. 893) the learner is, nonetheless, “ under the immediate supervision and control ” of the licensed driver (Vehicle and Traffic Law, § 501, subd. 4, par b) and the latter is a person using the automobile with the permission of the named insured, within the policy definition of “ Persons Insured ’ ’ (which expressly covers uses other than ‘ ‘ actual operation”) (cf. Arcara v. Moresse, 258 N. Y. 211 construing “ using ” similarly, in another context). It is enough to require a carrier to defend that the complaint in the tort action alleges a ground which would involve the carrier in liability (Everlast Sporting Goods Mfg. Co. v. Aetna Ins. Co., supra).
The duty to defend is, of course, broader than the duty to pay (Everlast Sporting Goods Mfg. Co. v. Aetna Ins. Co., supra). Aetna may, therefore, be required to share the costs of defense with Empire, even though as to the payment of any judgment *931 against plaintiff the Aetna policy may be only excess coverage. That being the case the questions of payment of (1) the tort judgments, if any, against plaintiff, and (2) the costs so far incurred by plaintiff in defending the tort action will be left for determination on the trial of this declaratory judgment action. Plaintiff is, however, entitled to partial summary judgment declaring that Empire is obligated to defend and is granted leave to renew his motion for summary judgment, if so advised, in order to obtain a like declaration as to Aetna.