Memorandum. Whether the claim is within the coverage of either policy cannot, in this instance, be determined prior to the trial and appeals, if any, of the underlying personal injury action (see Post v Metropolitan Cas. Ins. Co., 227 App Div 156, affd 254 NY 541; see, also, Nationwide Mut. Ins. Co. v Dennis, 14 AD2d 188; Everlast Sporting Goods Mfg. Co. v Aetna Ins. Co., 23 AD2d 641). Each insurer argues that, based on the allegations in the complaint, the other is liable to pay any judgment rendered against the insured. On the other hand, based on the exclusions in each policy, an argument may be made that the occurrence is not within the coverage of either policy. Each policy, however, has a clause that requires the insurer to defend based on the allegation of an occurrence within the coverage, and it is well established that the duty to defend is much broader than the duty to pay (see, e.g., Sturgis Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69, 72; International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326; Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148, 154). It is, therefore, appropriate in this case to hold that both insurers are obligated to provide a defense to the insured with respect to this suit. The question of whether the occurrence is within risks covered under either policy should be resolved based on the facts as determined in the underlying action. At such later time, any questions concerning waiver or estoppel should also be determined. Accordingly, the order of the Appellate Division should be modified, without costs, and judgment should be directed to be entered declaring that both insurers are obligated to provide a defense to the insured but that the liability to pay any judgment is to be determined after .the trial and appeals, if any, of the underlying personal injury action.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
*998 Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.