OPINION OF THE COURT
Stanley Parness, J.
Movant, Insurance Company of North America (INA), in this declaratory judgment action, is the insurer of Cantrell and Cochrane, a division and/or subsidiary of International Telephone and Telegraph Corporation (ITT), which manufactures “C & C Cola”. It is alleged in this action that plaintiff, Mandell Corporation, operates a supermarket in Queens County which carried C & C Cola for retail sale. Underlying this action is the prior and pending action for personal injuries allegedly sustained by Cheryl Warmsley and her mother for loss of services seeking damages totaling $1,000,000. The negligence alleged therein against Mandell Corporation may be summarized in the allegation of the complaint therein “that a quantity of soda bottles stacked up very high in an improper manner causing them easily to fall and did fall on the infant injuring her”. The *391 said complaint does not allege that the bottles which fell were C & C Cola bottles, nor is ITT or Cantrell and Cochrane a named party in that suit.
Mandell’s carrier, Public Service Mutual Insurance Company (Public Service), has impleaded INA in this action on Mandell’s behalf and seeks a declaration herein that ITT’s carrier, INA, accept the defense of Mandell as a certificate holder and “an additional insured with respect to1 the distribution and sale of‘C & C Cola’ on its premises” as well as a declaration that INA indemnify plaintiff for any judgment which may be entered against plaintiff in the underlying tort action, besides the recovery of interest, costs disbursements and attorneys’ fees in both actions.
INA, as third-party defendant, separately cross-moves for summary judgment alleging that its coverage of Man-dell Corporation thereunder is “excess” only. It states that in view of the primary coverage by Public Service, it cannot be called upon at this time to indemnify Mandell Corporation for a judgment which might be obtained in the tort action because Public Service’s primary coverage totals $2,300,000, while the ad damnum of the tort complaint seeks a total of $1,000,000. Copies of the policies of INA and Public Service have been furnished on this motion which reflect $300,000 basic primary liability coverage of Mandell Corporation by Public Service and $2,000,000 additional umbrella coverage, while the coverage of Man-dell Corporation as an additional insured under the INA policy as set forth in “Endorsement 12” therein clearly defines its coverage as “excess insurance with respect to any loss against which the insured has other valid and collectible insurance issued against any loss covered hereunder”.
Public Service concedes the INA coverage is excess to the coverage provided by its policies, which are both available and presently collectible with $1,300,000 primary coverage beyond that of the ad damnum of the tort action. It is apparently remote that INA will ever be called upon to satisfy a judgment herein. Nevertheless, Public Service seeks to compel INA to defend and/or share the expense of defending the tort action against Mandell Corporation upon the basis that “the duty to defend is greater than the *392 duty to pay”. This oft-cited statement (Everlast Sporting Goods Mfg. Co. v Aetna Ins. Co., 23 AD2d 641; Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148; Ross v Maryland Cas. Co., 11 AD2d 1002, affd 9 NY2d 876) is not blindly to be applied based solely upon the existence of excess insurance. Said the court in Everlast (supra, p 641) “Since the policy of each defendant ‘is one of indemnification; it is clear that the liability of the insurance company depends upon the basis for liability which is adjudicated, against the assureds in the main actions’ ”.
In the instant case, it presently appears that INA could not be called upon to satisfy a judgment obtained against Mandell Corporation as an additional insured unless Public Service becomes or threatens to become insolvent. No allegation is made that such circumstance has occurred or is presently likely to occur.
It would not be reasonable or correct to compel INA in the circumstances of this action to participate in or to contribute toward the costs of the defense of Mandell Corporation upon the sole premise that both companies cover Mandell Corporation. The decision of an excess carrier to participate, where its realistic exposure to risk is minimal, should be discretionary with the excess carrier; and has been held to remain with it even while its interests were great, and that of the primary carrier nominal (American Home Assur. Co. v Employers Mut. of Warsaw, 64 AD2d 563). In a related case, the excess carrier was found entitled to reimbursement by the primary carrier for the cost of its expense in the defense of the negligence action (Broome County Co-op. Fire Ins. Co. v Aetna Life & Cas. Co., 75 Misc 2d 587, 593). A similar ruling was made in Dankoffv Bowling Proprietors Assn. (69 Misc 2d 658) while in Crowley’s Milk Co. v American Mut. Liab. Ins. Co. (313 F Supp 502 [EDNY]) it was held that the insured may recover the costs of its defense from the primary carrier.
The thrust of the rulings in this area clearly indicate that the carrier which has the demonstrable exposure to judgment is the one which should bear the expense of defense of the tort action, while the right to participate therein rests within the discretion of the excess carrier. In the instant case, the defense of Mandell Corporation is the *393 obligation of Public Service. In view of policy limits afforded by Public Service, INA stands distant in the legal wings of the lawsuit. Its duty to defend and appeal as excess carrier herein is clearly secondary to that of the primary carrier. It would be an unfair burden to require it to defend Mandell Corporation or pay for its defense when that insured has a primary carrier fully obligated and able to defend it, and whose interests are fully united with it, unlike the facts in Pallotta v Aetna Ins. Co. (66 Misc 2d 929). In view thereof, it would be arbitrary, and manifestly unfair, to impose upon INA a duty in this case to pay all or a share of the defense costs of Public Service in the tort action.
Plaintiff’s motion for summary judgment is denied; the cross motion by INA is granted. Items 2, 3 and 4 of plaintiff’s declaratory judgment demand are dismissed.