OPINION OF THE COURT
Lawrence E. Kahn J.
By motion returnable at the July 11, 1985 Albany County Special Term, counsel for defendant sought to withdraw as attorney of record upon the ground that there had been a termination of defendant’s insurance carrier’s duty to defend. This court denied the application, noting the absence of any proof with respect to the underlying obligation. The litigation has now been assigned to the Honorable Thomas E. Mercure, Justice, Supreme Court, pursuant to the individual assignment system. He has determined that the instant motion *398 seeks renewal of the court’s prior determination, and as such, has referred the matter pursuant to CPLR 2221.
The underlying obligation seeks recovery for property damage alleged to have been caused by reason of defendant’s negligence. Counsel for defendant appeared in the litigation pursuant to the terms of defendant’s policy of insurance issued by the Hartford Insurance Company. Thereafter, during the pendency of the litigation, Hartford apparently, unilaterally, paid its policy limit of $5,000 to plaintiffs without regard to settlement of the litigation or any further exposure of its insured. It now asserts that its obligation to defend the ongoing litigation has been terminated by its unilateral act of payment. It premises this assertion upon the language of the policy which provides in part IV, A2 that "our payment of liability insurance limit ends our duty to defend or settle.”
11 NYCRR 60.1 establishes mandatory provisions for automobile liability insurance policies. Any conflicting language in the Hartford’s policy must be deemed a nullity and unenforceable. 11 NYCRR 60.1 (b), mandates defense of any suit and payment of certain costs accruing as the result thereof, including costs taxed against the insured, interest accruing after entry of judgment, etc. The regulations specifically provide that "[t]he amounts so incurred under this subdivision [subd (b)], except settlement of claims and suits, shall be payable by the company in addition to the applicable policy limits.” This language clearly anticipates that the insurer may not unilaterally avoid payment of defense costs and related expenses by the ex parte payment of the limits of its policy. The regulation recognizes that a significant objective of mandatory insurance is the securing of competent defense counsel and payment of defense costs. While there are indeed well-recognized instances where an insurer may disclaim coverage, it may not unilaterally abandon its insured without notice or resolution of the underlying claim.
The motion for an order allowing Francis E. Lehner, Esq., to withdraw as attorney for defendant Vardine Paratransit, Inc., shall be denied.