■ CENTURION TAXI INC. et al., Appellants, v HAPPY GO LUCKY CAB CORP. et al., Respondents. [646 NYS2d 554] —In an action to recover on two promissory notes, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated March 13, 1995, as granted the motion of the defendants Happy Go Lucky Cab Corp. and Yakov Gorelik (1) to vacate a judgment entered against Happy Go Lucky Cab Corp. and the defendant Alexander Schpinner upon their default in answering the complaint, and (2) for leave for Yakov Gorelik to intervene in the action.

Ordered that the order is modified by deleting the provision thereof which granted the branch of the motion which was to vacate so much of the judgment as was entered against Alexander Schpinner upon his default in answering the complaint and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents.

The default judgment, insofar as it was entered against the defendant Happy Go Lucky Cab Corp., was properly vacated. The intervenor-defendant Yakov Gorelik established a reasonable excuse for the default by the defendant Happy Go Lucky Cab Corp., and presented facially meritorious defenses to the action (see, CPLR 317, 5015 [a] [1]; Benadon v Antonio, 10 AD2d 40).

We reject the plaintiffs' contention that Gorelik should be precluded from interposing the defenses now raised based on the dismissal of a related action in New York County (Centurion Taxi v Happy Go Lucky Cab Corp., Sup Ct, NY County, index No. 112785/94). That action was brought by Gorelik in

his individual capacity, and not as a principal of Happy Go Lucky Cab Corp. In that action the Supreme Court, New York County, in granting the defendants' motion for judgment as a matter of law, determined only that Gorelik in his individual capacity had no right to certain funds. Thus, the dismissal of that action did not bar this application to intervene and vacate the default judgment on behalf of Happy Go Lucky Cab Corp. (*see, Fontana Fabrics v Hodge,* 187 AD2d 378, 378-379; *Hinman, Straub, Pigors & Manning v Broder,* 124 AD2d 392, 393; *Weiner v Greyhound Bus Lines,* 55 AD2d 189, 192). However, since Gorelik did not intercede on behalf of the remaining defendant, Alexander Schpinner, there was no basis to excuse his default.

The respondents' remaining contentions are not properly before this Court, as they failed to cross appeal from the order dated March 13, 1995. Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.