■ Town of Oyster Bay, Respondent, v Employers Insurance of Wausau et al., Appellants, et al., Defendants. [702 NYS2d 630] —In an action for a judgment declaring, *inter alia,* that the defendants Employers Insurance of Wausau and Wausau Underwriters Insurance Company are required to defend and indemnify the plaintiff, Town of Oyster Bay, in an action entitled *Ambriano v Town of Oyster Bay,* pending in the Supreme Court, Nassau County under Index No. 30342/93, the defendants Employers Insurance of Wausau, Wausau Underwriters Insurance Company, and Mill Rental Corp. appeal from (1) a decision of the Supreme Court, Nassau County (McCarty, J.), dated October 5, 1998, and (2) an order and judgment (one paper) of the same court, entered December 31, 1998, which, *inter alia,* granted the plaintiff's motion for summary judgment, denied the appellants' cross motion for summary judgment, declared that the defendants Employers Insurance of Wausau and Wausau Underwriters Insurance Company are obligated to defend and indemnify the plaintiff in the underlying action, and directed them to reimburse the plaintiff for all of its past, current, and future defense costs in the underlying action.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is modified by (1) deleting the first decretal paragraph thereof and substituting therefor a provision granting that branch of the plaintiff's motion which sought reimbursement from the defendants Employers Insurance of Wausau and Wausau Underwriters Insurance Company for the defense costs incurred in *Ambriano v Town of Oyster Bay,* and otherwise denying the motion, (2) deleting the

second and third decretal paragraphs thereof and substituting therefor a provision granting that branch of the defendants' cross motion which was for a declaration that Employers Insurance of Wausau and Wausau Underwriters Insurance Company are not obligated to assume the defense of and indemnify the Town of Oyster Bay in *Ambriano v Town of Oyster Bay,* pending in the Supreme Court, Nassau County, under Index No. 30342/93, (3) deleting the words "current and future" in the fourth decretal paragraph, and (4) deleting the fifth and sixth decretal paragraphs; as so modified, the order and judgment is affirmed, without costs or disbursements.

Pursuant to an agreement to provide snow removal services for the Town of Oyster Bay (hereinafter the Town), the defendant Mill Rental Corp. (hereinafter Mill Rental) agreed to assume the defense of the Town and to indemnify it from negligence claims based on its work under the contract. It also agreed to procure liability insurance naming the Town as an additional insured for bodily injury claims arising from its operations under the contract, and to obtain insurance covering the contractual liability it assumed under the contract. Mill Rental obtained the requisite policies from the defendants Employers Insurance of Wausau and Wausau Underwriters Insurance Company (hereinafter the insurers). Thereafter, Nicholas Ambriano was allegedly injured when he slipped and fell on ice and snow in a parking lot owned by the Town. He and his wife subsequently commenced a negligence action against, among others, the Town and Mill Rental. In that action, *Ambriano v Town of Oyster Bay,* pending in the Supreme Court, Nassau County, under Index No. 30342/93 (hereinafter the underlying action), the insurers refused to defend and indemnify the Town on the ground that Ambriano's injuries did not arise out of Mill Rental's work.

A duty to defend is broader than the duty to indemnify and arises when the allegations of the complaint against the insured fall within the scope of the risks undertaken by the insurer (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Lehrer McGovern Bovis v Halsey Constr. Corp.,* 254 AD2d 335). The complaint in the underlying action contains allegations that fall within the scope of the subject policies. Consequently, the duty to defend was triggered, and the insurers breached that duty when they failed to provide a defense to the Town. They are, therefore, liable for the defense costs previously incurred by the Town in defending the action.

It has now been established in the underlying action,

however, that Mill Rental was not responsible for snow removal in the parking lot before Ambriano's accident (*see, Ambriano v Town of Oyster Bay,* 266 AD2d 415). Consequently, Ambriano's injuries did not arise out of the operations of Mill Rental. Therefore, the policies issued by the insurers do not provide coverage for Ambriano's accident.

Because it has now been determined that the accident is not covered by the policies, under the circumstances of this case, the insurers are not required to assume the defense in the underlying action. Further, since there is no coverage, the insurers are not obligated to indemnify the Town (*see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419; *Lehrer McGovern Bovis v Halsey Constr. Corp., supra*). Contrary to the Supreme Court's conclusion, the insurers are not precluded by their untimely disclaimer from asserting a lack of coverage where, as here, the injuries did not arise from a covered accident (*see, Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195).

The parties' remaining contentions are without merit or unpreserved for appellate review. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.