■ RICHARD W. HAIGHT et al., Respondents, v ESTATE OF HUMBERT DePAMPHILIS, Respondent, and ELRAC, INC., Appellant. [728 NYS2d 790] —In an action to recover damages for personal injuries, etc., the defendant ELRAC, Inc., appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 14, 1999, which granted the mo-

tion of the now-deceased defendant, Humbert DePamphilis, for summary judgment on his cross claims for indemnification and reimbursement of all costs associated with his defense of this action to the extent that ELRAC, Inc., would be responsible for any judgment up to the minimum amount of automobile accident insurance required to be carried, and denied its cross motion for summary judgment on its cross claim against DePamphilis for contractual indemnification to the extent that ELRAC, Inc., sought the full amount of any recovery by the plaintiffs, and dismissed that portion of the cross claim for indemnification which exceeded the minimum amount of insurance ELRAC, Inc., was required to maintain, and (2) an order of the same court, dated February 18, 2000, which denied its motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated February 18, 2000, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated December 14, 1999, is affirmed, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith; and it is further,

Ordered that the defendant Estate of Humbert DePamphilis is awarded one bill of costs.

The defendant ELRAC, Inc. (hereinafter ELRAC), rented a vehicle to Humbert DePamphilis, who is now deceased, and whose estate has been substituted as a defendant (hereinafter DePamphilis). DePamphilis signed a rental agreement which stated that he agreed to hold ELRAC harmless for any damage to third parties resulting from the operation of the vehicle. DePamphilis's rental vehicle was involved in a collision with a vehicle owned by the plaintiff Karen A. Haight and operated by the plaintiff Richard W. Haight.

The plaintiffs commenced the instant action against DePamphilis and ELRAC to recover damages for personal injuries and property damage. In its answer to the complaint, ELRAC asserted a cross claim against DePamphilis for contractual indemnification. DePamphilis similarly asserted a cross claim against ELRAC for contribution and/or indemnification, and to be reimbursed for all costs associated with his defense of this action.

DePamphilis moved for summary judgment against ELRAC on his cross claims for indemnification and reimbursement of all costs associated with the defense of this action. ELRAC cross-moved for summary judgment on its cross claim for contractual indemnification. The Supreme Court granted

DePamphilis's motion for summary judgment to the extent that ELRAC would be responsible for any judgment up to the minimum amount of automobile accident insurance required to be carried.

The Supreme Court denied ELRAC's cross motion for summary judgment for contractual indemnification to the extent that ELRAC sought the full amount of any recovery by the plaintiffs. The Supreme Court further held that ELRAC, which had yet to pay out any money as a result of the accident, would be entitled to pursue its indemnification claim to the extent that such claim exceeded the minimum amount of insurance it was required to maintain, and dismissed that portion of the claim which exceeded said amount. However, the Supreme Court did not make any determination with respect to the parties' cross claims for indemnification concerning any property damage award against the defendants.

To the extent that the indemnification provision contained in ELRAC's rental agreement seeks total indemnification from the renter, it is invalid under New York law (*see, ELRAC, Inc. v Ward,* 96 NY2d 58). However, the Supreme Court correctly found that ELRAC may seek indemnification from DePamphilis for any award which exceeds the minimum amount of insurance it was required to maintain (*see, ELRAC, Inc. v Ward, supra*; Vehicle and Traffic Law § 370).

To the extent that the Supreme Court did not address the respective parties' cross claims for indemnification as to any property damage award, and Vehicle and Traffic Law § 370 does not specify a minimum insurance requirement with respect to said damages, the matter is remitted to the Supreme Court, Dutchess County, for a determination of such claims. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.