■ AMERICAN BRIDGE COMPANY et al., Respondents-Appellants, v ACCEPTANCE INSURANCE COMPANY, Defendant and Third-Party Appellant-Respondent, et al., Defendant.

ZURICH-AMERICAN INSURANCE GROUP, Third-Party Defendant-Respondent. [741 NYS2d 259] —In an action for a judgment declaring, inter alia, that the defendants are obligated to defend and indemnify the plaintiffs in an underlying action entitled *Prokop v Perini Corp.,* pending in the Supreme Court, Westchester County, under Index No. 2457/99, the defendant Acceptance Insurance Company appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 15, 2000, as granted that branch of the plaintiffs' motion which was, in effect, for summary judgment declaring that it was obligated to defend the plaintiffs in the underlying action pursuant to a general liability policy it issued, ordered it to pay damages to the plaintiffs, and, in effect, denied its cross motion for summary judgment declaring that it was not obligated to defend and indemnify the plaintiffs in the underlying action, (2) from an order of the same court, entered March 26, 2001, which, inter alia, deemed its third-party action seeking a declaration of coverage against the plaintiffs' insurer a "nullity," (3), as limited by its brief, from stated portions of an interlocutory judgment of the same court, entered March 23, 2001, and (4), as limited by its brief, from stated portions of an amended interlocutory judgment of the same court, entered April 2, 2001, which, inter alia, declared that it is obligated to defend the plaintiffs in the underlying action pursuant to a general liability policy it issued and is in favor of the plaintiffs and against it in the principal sum of $27,372.58, and the plaintiffs cross-appeal from so much of the amended interlocutory judgment entered April 2, 2001, as, in effect, denied that branch of their motion which was for summary judgment declaring that the defendant Acceptance Insurance Company must indemnify them for any judgment entered against them in the underlying action.

Ordered that the appeal from the orders entered November 15, 2000, and March 26, 2001, and the interlocutory judgment entered March 23, 2001, are dismissed, without costs or disbursements, as they were superseded by the amended interlocutory judgment entered April 2, 2001; and it is further,

Ordered that the amended interlocutory judgment entered April 2, 2001, is modified by adding thereto a provision reinstating the third-party complaint of Acceptance Insurance Company against Zurich-American Insurance Group; as so modified, the amended interlocutory judgment is affirmed, without costs or disbursements, the order entered March 26, 2001, is modified accordingly, and the matter is remitted to the

Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court correctly determined that Acceptance Insurance Company (hereinafter Acceptance) was obligated to provide the plaintiffs with a defense in the underlying personal injury action, as the allegations in the injured plaintiff's complaint fall within the scope of the risks undertaken by the insurer (*see Town of Oyster Bay v Employers Ins. of Wausau,* 269 AD2d 387, 388; *Tishman Interiors Corp. v Fireman's Fund Ins. Co.,* 236 AD2d 385, 386-387; *Dayton Beach Park No. 1 Corp. v National Union Fire Ins. Co.,* 175 AD2d 854, 855-856). Since Acceptance breached that duty when it failed to provide a defense to the plaintiffs, it is liable for the defense costs previously incurred by the plaintiffs in defending the action (*see Town of Oyster Bay v Employers Ins. of Wausau, supra*).

The court also correctly determined that resolution of the issue of indemnification must await findings of fact. Both the plaintiffs in their motion and Acceptance in its cross motion failed to establish entitlement to judgment as a matter of law, thereby precluding summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Their submissions raised issues of fact concerning whether or not the work being performed by the injured plaintiff at the time of the accident was within the "operations" of Acceptance's insured, thereby triggering the additional insured endorsement contained in the policy issued by Acceptance. As noted by the Supreme Court, if it is subsequently determined that the injured plaintiff's accident did not in fact occur within the insured's "operations," then Acceptance would not be obligated to indemnify the plaintiffs (*see Town of Oyster Bay v Employers Ins. of Wausau, supra* at 389).

However, the Supreme Court erred in deeming Acceptance's third-party complaint against the plaintiffs' insurer a nullity because the main action was finally determined by its order entered November 15, 2000. As discussed above, that order and the subsequent amended judgment entered upon it left the issue of indemnification unresolved. Therefore, the declaratory judgment action was still "pending," and the third-party complaint could properly be commenced (*see* CPLR 1007). Acceptance's third-party complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

The remaining contentions of Acceptance are without merit. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.