■ RICHARD HAIGHT et al., Plaintiffs, v ESTATE OF HUMBERT DEPAMPHILIS, Deceased, Appellant, and ELRAC, INC., Respondent. [772 NYS2d 833]—

In an action to recover damages for personal injuries, etc., the Estate of Humbert DePamphilis, by its judicially appointed Administratrix, c.t.a., Susan DePamphilis, appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 11, 2002, which denied her motion to direct the defendant ELRAC, Inc., to reimburse New York Central Mutual Fire Insurance Company, the insurer for the decedent, for its costs in defending the action.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

This action arises from a December 10, 1998, motor vehicle accident involving vehicles operated by the plaintiff Richard Haight and the decedent Humbert DePamphilis. At the time of the accident, DePamphilis operated a rented vehicle owned by

the defendant ELRAC, Inc. (hereinafter ELRAC). DePamphilis signed a rental car agreement agreeing to hold ELRAC harmless for any damage to third parties resulting from his operation of the vehicle. At the time of the accident, DePamphilis was insured by New York Central Mutual Fire Insurance Company (hereinafter New York Central).

New York Central maintained that ELRAC was the primary liability carrier and requested that it assume DePamphilis's defense. However, ELRAC refused the request. New York Central then retained outside counsel to defend the action on behalf of DePamphilis. After a trial, the jury returned a verdict in favor of the injured plaintiff Richard W. Haight against both defendants and awarded damages in the principal sum of $20,000.

DePamphilis's estate then moved for reimbursement of New York Central's defense costs. The Supreme Court denied the motion, finding that DePamphilis's estate failed to prosecute its cross claim against ELRAC for reimbursement of defense costs at the trial, and thus was unable to revive that claim on a post-judgment motion. We reverse.

The Court of Appeals has held that Vehicle and Traffic Law § 370 requires all rental car companies, including ELRAC, to provide primary insurance to renters up to the minimum liability limits provided by the statute (see ELRAC, Inc. v Ward, 96 NY2d 58 [2001]).

In a prior appeal involving the same parties, we cited ELRAC, Inc. v Ward (supra), and concluded that the rental agreement provision requiring DePamphilis to indemnify ELRAC for any injuries sustained by third parties based on his use of the rental car was unenforceable to the extent of any damages falling below the minimum insurance that ELRAC was required to maintain pursuant to Vehicle and Traffic Law § 370 (see Haight v Estate of DePamphilis, 286 AD2d 369, 371 [2001]).

It is undisputed that ELRAC has a duty to provide primary insurance for its rental cars, and that "[t]he primary coverage required by section 370, of course, includes a duty to defend" (see ELRAC, Inc. v Ward, supra at 75 n 4). Further, an automobile insurer, such as ELRAC, must pay all defense costs until a case ends, and is not excused from providing a full defense by tendering the policy amount (see People v ELRAC, Inc., 192 Misc 2d 78, 80 [2002]).

The duty to defend is broader than the duty to indemnify (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310 [1984]; Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 669 [1981]). An insurer is obligated to defend its insured where the allegations

of the complaint in the underlying action give rise to a reasonable possibility of coverage (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169 [1997]).

Here, ELRAC breached its duty to provide a defense and is liable for defense costs (*see American Bridge Co. v Acceptance Ins. Co.,* 293 AD2d 634, 636 [2002]; *Town of Oyster Bay v Employers Ins. of Wausau,* 269 AD2d 387, 388 [2000]). As such, New York Central is entitled to reimbursement of the costs of the defense since the recovery herein was within the primary limit of coverage (*see Mandell Corp. v Insurance Co. of N. Am.,* 125 Misc 2d 390, 392 [1984]; *Broome County Coop. Fire Ins. Co. v Aetna Life & Cas. Co.,* 75 Misc 2d 587, 593 [1973]).

DePamphilis's estate was not required to relitigate the issue of reimbursement of defense costs at the trial since we previously determined that ELRAC was obligated to indemnify DePamphilis up to the minimum amount of automobile coverage required pursuant to Vehicle and Traffic Law § 370 (*see Haight v Estate of DePamphilis, supra*), and the Court of Appeals has stated that such duty includes the duty to defend (*see ELRAC, Inc. v Ward, supra* at 75 n 4). Therefore, the Supreme Court erred in finding that DePamphilis's estate failed to prosecute its cross claim against ELRAC for reimbursement of defense costs at the trial, and was unable to revive such claim on a post-judgment motion. Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.