■ AMERICAN BRIDGE COMPANY et al., Appellants-Respondents, v ACCEPTANCE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendant. ZURICH AMERICAN INSURANCE GROUP, Third-Party Defendant-Appellant-Respondent. [777 NYS2d 657]—In an action, inter alia, for a judgment declaring that the defendants are obligated to pay defense and indemnification costs to the plaintiffs in connection with the settlement of an action entitled *Prokop v Perini Corp.,* pending in the Supreme Court, Westchester County, under Index No. 2457/99, the plaintiffs and the third-party defendant appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 26, 2003, as denied that branch of their motion which was for summary judgment against the defendant third-party plaintiff on the cause of action for reimbursement of their contribution to the settlement of the underlying action, and denied with leave to renew that branch of their motion which was for summary judgment against the defendant third-party plaintiff on the cause of action for reimbursement of certain defense costs in the underlying action, and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

This matter is before us for the second time (*see American Bridge Co. v Acceptance Ins. Co.,* 293 AD2d 634 [2002]). Now, as then, the Supreme Court correctly determined that the issue of indemnification cannot be resolved as a matter of law, as neither the plaintiffs and the third-party defendant, in their motion, nor the defendant third-party plaintiff, in its cross motion, established their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.