■ In the Matter of EAST 51ST STREET CRANE COLLAPSE LITIGATION. RITE AID OF NEW YORK, INC., Respondent, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Defendants. (And a Third-Party Action.) LINCOLN GENERAL INSURANCE COMPANY, Fourth-Party Plaintiff-Respondent, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Fourth-Party Defendants, and RELIANCE CONSTRUCTION GROUP, Fourth-Party Defendant-Appellant. [923 NYS2d 64]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered February 24, 2010, which, insofar as appealed from as limited by the briefs, declared Lincoln's settlement with plaintiff Rite Aid and the plaintiff in another consolidated action, entitled *Juan Perez v New York City et al.* (Sup Ct, N.Y. County, index No. 104106/09), to be in full satisfaction of its obligations under a commercial general liability policy issued to defendant Joy Contractors, Inc., and declared extinguished Lincoln's obligations to provide a defense for the insured and additional insureds under the Joy policy, unanimously affirmed, with costs.

Fourth-party defendant Reliance Construction Ltd., doing

business as RCG Group, sued herein as Reliance Construction Group and RCG Group, Inc., concedes that it did not object to the Perez and revised Rite Aid settlements. Hence, it failed to preserve the issue whether the motion court properly approved of those settlements (CPLR 5501 [a] [3]; *see e.g. Sadhwani v New York City Tr. Auth.*, 66 AD3d 405, 406 [2009], *lv denied* 14 NY3d 705 [2010]). Even were the question preserved, we find that the motion court properly exercised its discretion in approving the settlements (*see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 178 [2008]).

We reject Reliance's argument that the language of the policy issued to Joy requires Lincoln to continue defending the insureds even after the policy limit is exhausted. While the policy provides that Lincoln "will have the right and duty to defend the insured against any 'suit' seeking [bodily injury or property] damages," it also provides, "Our [the insurer's] right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements."

Construing this commercial general liability policy language "in light of common speech and the reasonable expectations of a businessperson" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003] [internal quotation marks and citation omitted]), we find that it "makes clear that the [insurer] has no obligation to defend after the liability limits have been exhausted" (*Maryland Cas. Co. v W.R. Grace & Co.*, 794 F Supp 1206, 1220 n 11 [SD NY 1991], *revd on other grounds* 23 F3d 617 [2d Cir 1993], *cert denied* 513 US 1052 [1994]; *see Federal Ins. Co. v Cablevision Sys. Dev. Co.*, 836 F2d 54, 57 [2d Cir 1987]).

Nor are we persuaded that public policy considerations should compel us to override the clear language of the policy to extend Lincoln's duty to defend. We note that there is a New York State Insurance Department regulation that has been construed as requiring automobile insurers to pay all defense costs until a case ends. However, automobile insurers are not excused from defense obligations by exhaustion of policy limits (*see* 11 NYCRR 60-1.1 [b]; *Haight v Estate of DePamphilis*, 5 AD3d 547, 548 [2004]).

The statutory mandate of a "continuous defense" duty on the part of automobile insurers is sensible in light of the expectations of the everyday consumers who benefit from, and in many instances are required to maintain, automobile insurance policies (*see Continental Ins. Co. v Burr*, 706 A2d 499, 501 [Del 1998] [automobile insurance policy language "will be read in a way that satisfies the reasonable expectations of the average

consumer"]). Indeed, "[t]he [automobile liability insurance] regulation recognizes that a significant objective of mandatory insurance is the securing of competent defense counsel and payment of defense costs" (*Delaney v Vardine Paratransit*, 132 Misc 2d 397, 398 [1986]). However, there is no similar statutory or regulatory authority for the proposition that a similar duty applies in the context of commercial general liability insurance acquired by businesses. Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.