LIBERTY MUTUAL FIRE INSURANCE COMPANY et al., Respondents, v NATIONAL CASUALTY COMPANY, Appellant. [935 NYS2d 319]—

In 2006 the plaintiffs commenced this action against National Casualty Company (hereinafter National), inter alia, for a judgment declaring that National is required to defend and indemnify the plaintiffs ADESA New York, LLC (hereinafter Adesa), and Louis Amelia with respect to several underlying personal injury actions. The underlying personal injury actions arose out of an accident on July 22, 2005, in which the plaintiff Louis Amelia, an employee of Adesa, lost control of a motor vehicle, causing injury to several individuals. On a prior appeal, this Court affirmed the Supreme Court's order granting the plaintiffs' motion for summary judgment on their first cause of action seeking a judgment declaring that National is required to defend and indemnify Adesa and Amelia with respect to the underlying personal injury actions, and that the National insurance policy provided primary coverage and the policy of the plaintiff Liberty Mutual Fire Insurance Company provided excess coverage (see *Liberty Mut. Fire Ins. Co. v National Cas. Co.*, 47 AD3d 770 [2008]).

Subsequently, National settled several of the underlying personal injury actions, which allegedly exhausted its $1 million policy limit as of May 14, 2008, and refused to reimburse the plaintiffs for any defense costs incurred after that date. Consequently, the plaintiffs moved, inter alia, to direct National to pay $49,390.48 in outstanding costs incurred by them in defending the underlying personal injury actions. In the amended order appealed from, the Supreme Court, inter alia, in effect, granted that branch of the plaintiffs' motion to the extent of directing that National pay the plaintiffs' defense costs until all of the underlying personal injury actions are fully resolved. We affirm the amended order insofar as appealed from.

The National insurance policy provides that National's duty to defend or settle ends when the limits of insurance for a "covered auto" have been exhausted by payment of judgments or settlements. However, Insurance Department Regulations (11 NYCRR) § 60-1.1 (b) sets forth certain minimum standards which automobile insurers must include in their policies. Additionally, any policy language which conflicts with the regulation or is less generous to the insured is unenforceable and superseded by the regulation (see *Dingle v Prudential Prop. & Cas. Ins. Co.*, 85 NY2d 657, 660 [1995]; *Levit v Allstate Ins. Co.*,

308 AD2d 475, 476-477 [2003]). As relevant to this appeal, Insurance Department Regulations (11 NYCRR) § 60-1.1 (b) has been interpreted as requiring an automobile liability insurer to pay all defense costs until a case ends and not excusing it from providing a full defense by payment of its policy limit (*see Matter of East 51st St. Crane Collapse Litig.*, 84 AD3d 512, 513 [2011]; *Haight v Estate of DePamphilis*, 5 AD3d 547, 548 [2004]; *People v ELRAC, Inc.*, 192 Misc 2d 78, 80 [2002]; *Delaney v Vardine Paratransit*, 132 Misc 2d 397, 398 [1986]).

Accordingly, the conflicting language in the National policy which purports to terminate National's duty to defend upon the exhaustion of its policy limits is unenforceable, and the Supreme Court properly relied upon Insurance Department Regulations (11 NYCRR) § 60-1.1 (b) to determine that National's duty to defend and pay defense costs continued until all of the underlying personal injury actions are fully resolved. To the extent that *Champagne v State Farm Mut. Auto. Ins. Co.* (185 AD2d 835 [1992]), may be read to hold otherwise, it should not be followed.

National's remaining contentions are without merit.

The plaintiffs' request for certain affirmative relief is not properly before this Court, as they failed to file a cross appeal (*see Piquette v City of New York*, 4 AD3d 402, 404 [2004]; *Centurion Taxi v Happy Go Lucky Cab Corp.*, 230 AD2d 817, 818 [1996]). Dillon, J.P., Florio, Chambers and Miller, JJ., concur.