Wesco Ins. Co. v Mt. Hawley Ins. Co. (2024 NY Slip Op 01692)

Wesco Ins. Co. v Mt. Hawley Ins. Co.

2024 NY Slip Op 01692

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Index No. 655132/19 Appeal No. 1926 Case No. 2023-04837 

[*1]Wesco Insurance Company, Respondent,
v
Mt. Hawley Insurance Company, Appellant, Insidesquad, Inc., et al., Defendants.

Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for appellant.
Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about April 6, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff Wesco Insurance Company's (Wesco) motion for partial summary judgment dismissing defendant Mt. Hawley Insurance Company's (Mt. Hawley) third affirmative defense declaring that a specified exclusion in Mt. Hawley's insurance policy did not relieve Mt. Hawley of the duty to indemnify defendants Insidesquad, Inc. or River Tower Owner, LLC in an underlying action, and denied Mt. Hawley's cross-motion for partial summary judgment declaring the validity of Mt. Hawley's disclaimer of coverage in that underlying action, unanimously affirmed, without costs.
Supreme Court properly found that the provision in Mt. Hawley's insurance policy excluding from coverage "[e]xterior work above ground level" does not apply. The plaintiff in the underlying action, an employee of Insidesquad, Inc., alleges he was injured when he fell while standing on a ladder set up on the ground level outside the subject building.
As a matter of "common speech" (Matter of E. 51st St. Crane Collapse Litig., 84 AD3d 512, 513 [1st Dept 2011]), "ground level" is reasonably interpreted to mean the first floor. Mt. Hawley has failed to satisfy its burden of establishing that "ground level" as used in the exclusion can only reasonably mean that the covered work must be performed on the ground itself (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]). Exclusions "are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (id.).
We have considered Mt. Hawley's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024