Country-Wide Ins. Co. v Zurich Am. Ins. Company (2024 NY Slip Op 05885)

Country-Wide Ins. Co. v Zurich Am. Ins. Company

2024 NY Slip Op 05885

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 153610/17 Appeal No. 3099 Case No. 2023-06505 

[*1]Country-Wide Insurance Company, Plaintiff-Appellant,
v
Zurich American Insurance Company, Defendant-Respondent.

Thomas Torto, New York (Jason Levine of counsel), for appellant.
Clausen Miller P.C., New York (Don R. Sampen of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about October 4, 2023, which granted defendant's motion for summary judgment to the extent of dismissing plaintiff's claims and awarding summary judgment on defendant's counterclaims as to liability only, declared that defendant excess insurer was not obligated to assume the defense of plaintiff's insureds in three underlying actions, and ordered that the issue of the amount of defense fees to be recouped by defendant be severed for a trial, unanimously affirmed, with costs.
The court properly granted defendant's motion to the extend indicated. Plaintiff, as the primary insurer, had the corresponding primary duty to defend the insureds in the underlying actions (see Fieldston Prop. Owners Assn, Inc. v Hermitage Ins. Co., 16 NY3d 257, 265 [2011]; General Motors Acceptance Corp. v Nationwide Ins. Co., 4 NY3d 451, 455 [2005]). Plaintiff is an auto insurer, and it is well established both that Insurance Department Regulations (11 NYCRR) § 60-1.1(b) requires it to pay the defense costs until the case has ended. Plaintiff cannot avoid its duty by simply tendering its policy limits (see Liberty Mut. Fire Ins. Co. v National Cas. Co., 90 AD3d 859 [2d Dept 2011]; Matter of East 51st St. Crane Collapse Litig., 84 AD3d 512, 513 [1st Dept 2011]; Haight v Estate of DePamphilis, 5 AD3d 547, 548 [2d Dept 2004]; see also Allianz Ins. Co. v Lerner, 416 F3d 109, 117 [2d Cir 2005]). Irrespective of the Insurance Department's regulations, plaintiff would still be required to provide a defense in this action, as its policy limits were not actually exhausted in the underlying cases until they were finally settled in 2022 (cf. Sport Rock Intl., Inc. v American Cas. Co. of Reading, PA,65 AD3d 12, 22 [1st Dept 2009]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024